**Ida M. SHEETS, Appellant
(Plaintiff Below),**

v.

**DISABILITIES SERVICES, INC.,
Appellee (Defendant Below).**

No. 93S02–9211–EX–902.

Supreme Court of Indiana.

Nov. 10, 1992.

James E. Ayers, Elizabeth A. Justice, Crawfordsville, for appellant.

David J. Mallon, Jr., Bruce J. Alvarado, Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Ida M. Sheets filed an application for Worker's Compensation benefits. The Worker's Compensation Board issued an award on October 11, 1991. Sheets attempted to seek review of this award by filing a praecipe for the record on November 8, 1991. Sheets tendered a record of proceedings on February 6, 1992, but the Clerk refused it as untimely.

Sheets asked the Court of Appeals to declare that her filing of the record was timely because it followed the procedure outlined in the Indiana Rules of Appellate Procedure. Appellee Disability Services, Inc., responded by moving to dismiss the appeal as untimely. The Court of Appeals granted the dismissal.

The Worker's Compensation Act provides for judicial review of the board's decisions: "An award by the full board shall be conclusive and binding as to all questions of the fact, but either party to the dispute may, within thirty (30) days from the date of such award, appeal to the court of appeals for errors of law under the same terms and conditions as govern appeals in ordinary civil actions." Ind.Code Ann. § 22–3–4–8(b) (West 1991). Technically, there is no such thing as an "appeal" from the decision of an administrative agency; such decisions are subject to judicial review for errors of law. *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399.

The foregoing provision for review has been part of Indiana's worker's compensation law since it was first enacted in 1915. 1915 Ind.Acts, c. 106, § 61, pp. 410–11. The Appellate Court held early on that this statute required filing a record of proceedings and an assignment of errors within thirty days of the board's decision. *Kokomo Steel and Wire Co. v. Griswold* (1917), 67 Ind.App. 45, 117 N.E. 265; *Kingan & Co. v. Buford* (1917), 65 Ind.App. 182, 116 N.E. 754.

Consistent with those rulings, this Court later observed that the rules of appellate procedure do not apply to reviews of worker's compensation claims. *Cf. Russell v. Johnson* (1943), 220 Ind. 649, 46 N.E.2d 219. After we adopted new rules of procedure in 1970, the question arose whether those rules should be deemed applicable to reviews of worker's compensation awards. This Court held that the statute still governed and that failure to file the record within thirty days of a decision by the board constituted a failure to invoke the jurisdiction of the appellate courts. *Clary*

*v. National Friction Products* (1972), 259 Ind. 581, 290 N.E.2d 53.

Sheets cites recent amendments to the Indiana Rules of Appellate Procedure changing the timing of filing transcripts. She cites changes in the Indiana Rules of Trial Procedure making a motion to correct error mostly voluntary. She contends that these developments reflect a change in policy concerning the method for seeking judicial review of an award by the Worker's Compensation Board. Because these rules do not define the method by which a party invokes the jurisdiction of courts of review, changes in the rules do not alter the teaching of three generations of caselaw.

We grant transfer and affirm the dismissal entered by the Court of Appeals. Ind.Appellate Rule 11(B)(3).

DeBRULER, GIVAN, DICKSON, and KRAHULIK, JJ., concur.