ORDER
The Appellee, by counsel, having heretofore filed in this cause his Motion To Dismiss, alleging therein that this is an appeal from the Indiana Civil Rights Commission; that the Appellant failed to file the Record of the Proceedings for this appeal within the time required by I.C. 22-9-8-1, which states that a party may appeal to the Court of Appeals from a final, appealable Commission order no later than thirty (30) days after receipt of the commission’s order; the Appel-lee relies upon the reasoning set out by the Supreme Court of Indiana in the case of Sheets v. Disabilities Services, Inc., 602 N.E.2d 506 (Ind.1992), which interpreted a similar statute governing appeals from the Worker’s Compensation Board, which said Motion To Dismiss is in the following words and figures, to-wit:
(H.I.)
The Appellant, by counsel, having thereafter filed its Response To Motion To Dismiss and a Motion To Strike a portion of the Appellee’s Motion To Dismiss in which the Appellant attempts to refute the application of the analogy of the decision of the Supreme Court of Indiana in Sheets (supra) and further alleges that the Appellee waived any right to file his Motion To Dismiss by consenting to an extension of time requested by the Appellant within which to file the Brief of the Appellant, which said Response and Mo *1130 tion are in the following words and figures, to-wit:
(H.I.)
And the Appellee, by counsel, having thereafter filed his Reply To Dellen’s Response To Smith’s Motion To Dismiss, which said Reply is in the following words and figures, to-wit:
CH.I.)
And the Court, having examined these matters, having examined the Record of the Proceedings and being duly advised, now finds that this appeal should be dismissed by reason of the failure of the Appellant to file the Record of the Proceedings within the time as required by the applicable statute; the Court further finds that the timely filing of the record of the proceedings in an appeal is a jurisdictional act; that a court always has the duty to take notice of its jurisdiction or lack thereof and that while the Appellee may have waived his right to raise the question of jurisdiction by reason of his participation in securing an extension of time within which to file the Brief of the Appellant, this Court has the duty to note that it lacks jurisdiction of this appeal by reason of the failure to timely file the Record.
IT IS THEREFORE ORDERED that this appeal is dismissed for lack of jurisdiction by reason of the failure of the Appellant to timely file the Record of the Proceedings.
SULLIVAN, P.J., dissents.

ORDER

This Court having heretofore handed down its Order which dismissed this appeal for lack of jurisdiction by reason of the failure of the Appellant to timely file the record of the proceedings in this appeal; and
The Appellant, by counsel, having thereafter filed in this cause its Petition to Publish Order Dismissing Appeal and setting out in said Petition, the contentions of the Appellant as to why the Oi'der should be published, which said Petition is more particularly in the following words and figures, to-wit:
(H.I.)
And the Court, having examined said Petition and being duly advised, now finds that the same should be granted, and that the Order of this Court heretofore issued which dismissed this appeal should now be ordered published.
IT IS THEREFORE ORDERED as follows:
1. The Appellant’s to Publish Order Dismissing Appeal heretofore issued on November 2,1998 is ordered published.