Allen *v.* Anderson.

ALLEN *v.* ANDERSON.

JURY.—*Trial by.*—*Constitutional Law.*—The provision of section 20, article 1, of the constitution of this State, that the "right of trial by jury shall remain inviolate," was adopted in reference to the common-law right of trial by jury.

SAME.—*Partition.*—*Report of Commissioners.*—*Action to Review.*—Neither party, in an action to review the report of commissioners partitioning real estate, can demand a trial by jury as of right.

From the Clinton Circuit Court.

*J. C. Suit* and *J. E. Cowan,* for appellant.

*H. McClurg, J. V. Kent, A. E. Paige* and *S. O. Bayless,* for appellee.

BIDDLE, C. J.—Complaint to review the report of commissioners in partitioning real estate.

The action was commenced in December, 1874, to review proceedings which were had in April, 1872. A demurrer was overruled to the complaint, answer filed, and issues of fact joined.

Upon the trial, the appellant demanded a jury, which the court refused. He excepted; and this presents the only question discussed by the appellant in his brief, and therefore the only one we shall notice.

Our constitutional· guaranty of the right of trial by jury is in the following words:

" In all civil cases, the right of trial by jury shall remain inviolate." Art. 1, sec. 20.

This provision of the constitution was adopted in reference to the common-law right of trial by jury, as the language plainly imports, namely, that the right "shall *remain* inviolate," that is, *continue* as it was. The words " in all civil actions " mean, in all civil actions at the common law—as debt, covenant, assumpsit, trover, replevin, trespass, action on the case, etc. In chancery cases or suits in equity, to which the present action would ·have belonged at the time the constitution was adopted, and before our present code of procedure was enacted, trial by jury, as a right, did not exist. Issues of fact, in such cases, were sometimes sent to a jury for trial, " to inform the conscience of the chancellor," as the legal phrase ran; but trial by jury before the chancellor was not a right that either party could demand. There are many cases, of course, besides common-law civil cases, in which the right of trial by jury is granted by statute, but the case before us is not one of that class.

In the case of *Dillman* v. *Cox*, 23 Ind. 440, it was held, that, in filing exceptions to the report of commissioners in partitioning lands, the parties were not entitled to a trial by jury, as a right; and we think the present case stands upon the same ground.

The court below committed no error against the appellant.

The judgment is affirmed, with costs.