Wright, Administratrix, *et al. v.* Fultz *et al.*

No. 16,871.

WRIGHT, ADMINISTRATRIX, ET AL. *v.* FULTZ ET AL.

PLEADING.—*Answer.*—*Verification.*—*Action to Establish Lost Will.*—In an action by devisees to establish a lost will, an answer of general denial to be available, need not be verified.

WILL.—*Lost.*—*Action to Establish.*—*Not Triable by Jury.*—In probate matters, it is only where the statute expressly gives the right of trial by jury, that such right may be demanded. Such a right does not exist in an action to establish a lost will.

EVIDENCE.—*Admissibility, When no Question as to is Saved.*—No question as to the admissibility of evidence is saved, where the evidence is not in the record, and no question is shown to have been put to the witness, and no statement is made as to what the witness will testify to.

From the Washington Circuit Court.

*E. B. Stephenson* and *W. P. Adkinson,* for appellants.

*D. M. Alspaugh, J. C. Lawler, J. A. Zaring* and *M. B. Hottel,* for appellees.

DAILEY, J.—This was a proceeding by the appellants to establish an alleged lost will. There was a trial by the court, resulting in a finding and judgment for the defendants, from which this appeal is taken. The appellants contend that the court erred:

*First.* In refusing to reject the general denial filed by the defendants below to the complaint.

*Second.* In overruling the appellants' demand for a jury.

*Third.* In excluding the evidence of the witness Levi C. Wright.

*Fourth.* In overruling their motion for a new trial.

In support of the first specification, the appellants' counsel barely suggest that the answer in this case to be available should have been verified. It seems absurd to assume that a party should be required to file a plea of *non est factum* to an alleged will, when it is not con-

tended that he had anything to do with its execution. The issue to be tried in an action to establish a lost will is, "did she devise or not?" and is framed by the court, which in matters of probate usually hears the evidence, and determines the controversy. 13 Am. and Eng. Ency. of Law, 1142. It is clear that the court did not err in overruling appellants' motion to reject the answer. Prior to the enactment of 1852, all cases for the establishment of lost wills were cognizable only in courts of chancery, and a jury could not be called, and the law in this respect has not been changed. Section 78 of the Revised Statutes of 1843, pages 499–500, reads · that "Whenever any will shall have been lost or destroyed by accident or design, and the same shall have been established by the proper proceedings, in a court of chancery, the decree of such court establishing such will shall be recorded by the clerk of the proper probate court, etc." Our present statute is an almost literal copy of section 78, *supra,* except the words "proper court" are substituted for the phrase "courts of chancery." The R. S. 1881, section 409 (Burns' R. S. 1894, volume 1, section 412), provides that: "Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable." It is only where the statute expressly gives the right of trial by jury, in this class of cases, that such right may be demanded. *Dower* v. *Seeds,* 28 W. Va. 113; *Jacques* v. *Horton,* 76 Ala. 238. The provision of article 1, section 65 of the constitution of this State, that "In all civil cases, the right of trial by jury shall remain inviolate" has reference to what were deemed civil actions at common law. *Allen* v. *Anderson,* 57 Ind. 388; *McMahan* v. *Work,* 72 Ind. 19.

There is no contention that actions to contest wills are triable only by the court. It is conceded that the statute expressly authorizes a jury trial in such cases. But it is insisted that the establishing of a lost will is essentially different from an action to probate or contest a will, because the contents of a lost will must be first established before it can be admitted to probate. It is true that in a proceeding to contest the probate of a will, the execution thereof may be contested also, but the case before us presents no such question under the issues formed. Besides, the complaint contains another feature of exclusively equitable jurisdiction. It asks that the administrator of the decedent's estate be restrained from further proceedings to the injury of the devisees. Restraining orders are issued by the court, and are purely equitable. A party who invokes the aid of a court of equity in such matters can not avail himself of a trial by jury.

The third assignment of error presents no question for our consideration. The evidence is not in the record. No question is shown to have been put to the witness Wright. No averment is made that the witness would testify to any fact, and nothing is saved by the appellants. When the court refuses to admit the testimony of a witness, a question should be asked, and the particular facts expected to be proven by the witness stated to the court. *Toledo, etc., R. W. Co. v. Goddard*, 25 Ind. 185; *Lewis v. Lewis*, 30 Ind. 257; *Baltimore, etc., R. R. Co. v. Lansing*, 52 Ind. 229; *First Nat'l Bank, etc., v. Colter*, 61 Ind. 153; *Farman v. Lauman*, 73 Ind. 568; *Higham v. Vanosdol*, 101 Ind. 160; *Beard v. Lofton*, 102 Ind. 408; *Ralston v. Moore*, 105 Ind. 243; *Ford v. Ford*, 110 Ind. 89; *Kern v. Bridwell*, 119 Ind. 226.

The judgment below is in all things affirmed.

Filed Sept. 26, 1894.