**Estie Darlene BORGMAN and Dennis Borgman, Appellants–Plaintiffs,**

v.

**STATE FARM INSURANCE CO. and Sugar Creek Animal Hospital, Appellees–Defendants.**

**No. 30A04–9810–CV–515.**

Court of Appeals of Indiana.

June 9, 1999.

Transfer Denied Oct. 13, 1999.

Lawrence Strodtman, L. Strodtman & Associates, Cumberland, Indiana, Attorneys for Appellants.

John S. Beeman, Paul A. Logan, Leeuw & Doyle, P.C., Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Estie and Dennis Borgman (collectively, the Borgmans), appeal the trial court's dismissal of their complaint against the appellees State Farm Insurance Company (State Farm) and Sugar Creek Animal Hospital (the Animal Hospital) for lack of subject matter jurisdiction. Specifically, the Borgmans make the following allegations: (1) the trial court erroneously determined that the Worker's Compensation Act (the Act) barred their claims for negligence and the bad faith denial of Estie's request for worker's compensation benefits in the trial court because their cause of action was beyond the scope of the Act; and (2) the Act is unconstitutional because it violates the "open courts" provision of Article 1, Section 12 of the Indiana Constitution.

## FACTS

On July 24, 1995, while Estie was working at the Animal Hospital in Greenfield, she fell in one of the kennels and injured her arm and neck. That afternoon, Estie sought medical care from her family physician because the pain in her arm had worsened. State Farm, the worker's compensation insurance carrier, paid for that doctor visit. The Worker's Compensation Board (the Board) determined that Estie had been injured through a fall in the course and scope of her employment with the Animal Hospital.

On February 19, 1996, Estie resigned from her employment at the Animal Hospital. Three days later, she returned to her family physician seeking treatment for shoulder and neck pain. That physician referred her to a neurologist, Dr. John Chase, for further diagnosis and treatment. On March 6, 1996, Dr. Chase determined that Estie had "tenderness over the supraspinatus and in the low cervical paraspinals on the left" and advised treatment consisting of pain medication and anti-inflammatory drugs. R. at 44. On April 24, 1996, Dr. Chase advised Estie that she could return to work with severe restrictions and informed her that he would conduct a follow-up examination in three months. On May 13, 1996, however, Estie returned to her family physician seeking further medical attention because of increasing pain in her shoulder and arm. Following this visit, Estie was advised that the Animal Hospital was claiming that her condition was not the result of a work-related injury and was denying worker's compensation coverage. Thereafter, on June 25, 1996, Estie was evaluated by Dr. John Shay, a physician appointed by State Farm. Dr. Shay's diagnosis revealed that Estie sustained damage to a portion of her neck and advised that surgery was necessary to eliminate compression of the nerve root. Notwithstanding the diagnosis and recommended treatment plan, the Animal Hospital and State Farm denied Estie's claim on July 29, 1996.

On November 21, 1996, Estie filed an Application for Adjustment with the Board. On November 10, 1997, State Farm, through counsel, informed Estie that it desired to have her evaluated by a different attending physician. Following that evaluation, State Farm agreed to provide worker's compensation medical benefits to Estie.

On July 22, 1998, the Borgmans filed a complaint for damages against State Farm and the Animal Hospital, contending that the defendants had wrongfully denied Estie's claim for worker's compensation benefits for approximately eighteen months. Additionally, the Borgmans alleged that State Farm acted in bad faith and in contravention of their duties under the Act in denying her claim for benefits. R. at 46. Thus, the Borgmans asserted that State Farm's continuing bad faith denial of her request for benefits was "willful and wantonly negligent and resulted in injuries to [her] that were far beyond the scope that would have resulted from the work-related accident had medical care been provided as required by the Worker's Compensation Act." R. at 47. The Borgmans requested damages for pain and suffering, punitive damages and attorney fees. Dennis also asserted a claim for loss of consortium. R. at 47.

On September 11, 1998, State Farm and the Animal Hospital filed a motion to dismiss the action, contending that the trial court lacked subject matter jurisdiction for the reason that the Board has the exclusive jurisdic-

tion to determine whether State Farm acted with a lack of diligence or bad faith with respect to adjusting and settling the claim. On October 7, 1998, the trial court ordered the cause dismissed with prejudice. The Borgmans now appeal.

## DISCUSSION AND DECISION

### I. Standard Of Review

A motion to dismiss for lack of subject matter jurisdiction presents the threshold question concerning the court's power to act. *Sons v. City of Crown Point,* 691 N.E.2d 1237, 1239 (Ind.Ct.App.1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may resolve factual disputes. *Id.* Additionally, the court has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and it is well established that in doing so it may consider not only the complaint and motion but any affidavits or other evidence submitted. *Perry v. Stitzer Buick GMC, Inc.,* 637 N.E.2d 1282, 1286 (Ind.1994). Moreover, when considering a motion to dismiss for want of subject matter jurisdiction, a court may weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id.*

### II. Applicability of The Act

The Borgmans contend that it was error to dismiss the complaint for lack of subject matter jurisdiction because the defendants' alleged acts of negligence were committed subsequent to, and independent of, the original injury that Estie sustained while working at the Animal Hospital. Therefore, they assert that the exclusivity provisions of the Act do not bar their claims.

To resolve this issue, we first turn to the exclusivity provisions of the Act which are set forth in I.C. § 22–3–2–6:

> The rights and remedies granted to an employee ... on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or

death, except for remedies available under I.C. § 5–2–6.1.

This statute limits an employee whose injury meets the jurisdictional requirements of the Act to the rights and remedies provided therein. *Campbell v. Eckman/Freeman & Assoc.,* 670 N.E.2d 925, 929 (Ind.Ct.App. 1996), *trans. denied.* Thus, if an employee's injury occurred by an accident which arose out of and in the course of his employment, that individual is entitled to worker's compensation benefits, and the exclusivity provisions bar a court from hearing any common-law action brought by the employee for the same injuries. *Id.* However, we noted in *Campbell* that the Act will permit actions against third party tortfeasors, so long as the third party is neither the plaintiff's employer nor his fellow employee. *Id.* at 930.

In *Vakos v. Travelers Ins.,* 691 N.E.2d 499 (Ind.Ct.App.1998), *trans. denied,* this court was recently called upon to interpret the applicability of the Act's exclusivity provision. In *Vakos,* the injured plaintiff-employee instituted a cause of action against his employer's insurance carrier seeking damages for direct physical harm as a result of the insurance company's purported negligence involving its advice and direction regarding medical care to the plaintiff. In reversing the trial court's grant of the insurance company's motion to dismiss the cause of action for lack of subject matter jurisdiction, we relied on our supreme court's decision in *Stump v. Commercial Union,* 601 N.E.2d 327 (Ind.1992). In *Stump,* the court determined that an injured employee could proceed with a cause of action against a worker's compensation insurance carrier for fraud or gross negligence in the trial court, notwithstanding the exclusive remedy provisions of the Act. *Id.* at 334. Following the holding of *Stump,* we noted that:

> [T]he acts of negligence, which *Vakos* alleges the Appellees committed, were committed subsequent to and independent of the original injury. Such injuries allegedly occurred as the result of the Appellees' negligence in directing Vakos' medical treatment, and not in processing the claim for benefits for the underlying injury. We, therefore, find that the Worker's Compen-

sation Act does not preclude Vakos' suit and that the trial court erred in granting the Appellees' motion to dismiss.

*Vakos*, 691 N.E.2d at 503.

While the Borgmans urge that *Vakos* and *Stump* should permit their action against State Farm to proceed in the trial court, we note that our legislature enacted IND.CODE § 22-3-4-12.1(a), the bad faith statute, which became effective in July, 1997. This statute provides as follows:

The worker's compensation board, upon hearing a claim for benefits, has the exclusive jurisdiction to determine whether the employer, the employer's worker's compensation administrator, or the worker's compensation insurance carrier has acted with a lack of diligence, in bad faith, or has committed an independent tort in adjusting or settling the claim for compensation.

In light of this amendment to the Act, it is apparent that the Borgmans' reliance upon *Vakos* and *Stump* is misplaced. We note that the plaintiff-employee in *Vakos* filed his complaint in 1995 prior to the enactment and effective date of the bad faith statute. However, the record in this case reveals that the Borgmans filed their complaint against State Farm on July 22, 1998, approximately one year after the bad faith statute became effective. R. at 43. As evidenced by the plain language of the bad faith statute, the Borgmans' claims against State Farm fell within that provision. As a result, the Borgmans' cause of action instituted against the defendants rested within the exclusive jurisdiction of the Board, and the trial court properly determined that it lacked subject matter jurisdiction to hear the Borgmans' claims.[1] Thus, the trial court did not err in dismissing the complaint.

### III. Constitutionality Of the Bad Faith Statute

■ The Borgmans next claim that the bad faith statute is unconstitutional. Specifi-cally, they contend that the statute violates the "open courts" provision of the Indiana Constitution which is set forth in Article 1, Section 12, because it improperly grants the Board authority to consider claims beyond work-related incidents. As a result, the Borgmans urge that the dictates of the bad faith statute have denied them their day in court. Appellant's Brief at 5.

We begin our discussion with the provisions of Article 1, Section 12 which are as follows:

All courts shall be open; and every person, for injury done to him and his person, property or reputation, shall have remedy by due course of law. Justice shall be administered freely and without purchase; completely without denial; speedily without delay.

■ When considering a constitutional challenge to a statute, we do not question the wisdom or the desirability of our legislature's actions. *Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 105 (Ind.Ct.App.1995), *trans. denied*. We accord a strong presumption of constitutionality to all duly enacted statutes, and resolve reasonable doubts which may arise in favor of the constitutionality of the legislation at issue. *Id.* The burden is upon the party challenging the statute to clearly overcome the presumption by a contrary showing. *Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind.1996). Moreover, our supreme court has determined that Article 1, Section 12 does not prevent the legislature from modifying or restricting common law rights and remedies in cases involving injury to person or property. *See State v. Rendleman*, 603 N.E.2d 1333, 1337 (Ind.1992) (it is within the legislature's authority to expand or restrict the scope of sovereign immunity through the Tort Claims Act).

---

1. While the Borgmans urge that the bad faith statute should not be applied retroactively to their claims, we note that the statute is procedural and merely sets forth the proper forum for claims alleging lack of diligence, bad faith or independent torts on the part of the employer, their worker's compensation administrator and the insurance carrier. In *Estate of Robinson v. C & I Leasing, Inc.*, 691 N.E.2d 474, 476 (Ind.Ct. App.1998), *trans. denied*, we observed that if new legislation only changes a mode of procedure in the law while providing a remedy substantially similar to the existing one and does not create new or take away vested rights, "it will be applied to all cases pending and subsequent to its effective date."

We note that the relationship of the worker's compensation insurance carrier and employee casts a legal duty upon the insurer to display diligence and to act in a good faith manner with respect to adjusting or settling worker's compensation claims. *Stump*, 601 N.E.2d at 331. However, our courts have recognized that the nature and extent of that duty may be modified by legislation and the remedy available for a breach of that duty may be restricted by the legislature. *See Rendleman*, 603 N.E.2d at 1337. Thus, we will not regard the bad faith statute as constitutionally infirm simply because it alters or restricts the manner of achieving a remedy in the trial court. The legislature, in enacting the bad faith statute, has merely acted to restrict the remedy available for a breach of duty imposed upon the worker's compensation insurance carrier. Additionally, we note that the statute simply designates the proper forum for bringing enumerated claims against the worker's compensation insurance carrier and does not operate to strip the Borgmans of an established right of recourse. As a result, we conclude that the bad faith statute does not violate Article 1, Section 12 of the Indiana Constitution.

## CONCLUSION

In light of our disposition of the issues set forth above, we conclude that the trial court properly granted the defendants' motion to dismiss because the Borgmans' cause of action against them rest within the exclusive jurisdiction of the Worker's Compensation Board. Additionally, we note that the bad faith statute contained in the Worker's Compensation Act does not violate the open courts provision of the Indiana Constitution.

Judgment affirmed.

RUCKER, J., and KIRSCH, J., concur.