**John SIMS, Appellant–Plaintiff,**

**v.**

**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee–Defendant.**

No. 49A02–9904–CV–295.

Court of Appeals of Indiana.

June 23, 2000.

William F. Conour, Conour, Doehrman & Starkey, Indianapolis, Indiana, Attorney for Appellant.

Julia Blackwell Gelinas, David T. Kasper, Nelson D. Alexander, Locke Reynolds, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

■ This appeal arises from the trial court's dismissal for lack of subject matter jurisdiction of John Sims's complaint against United States Fidelity & Guaranty Company ("USF&G"), which alleged gross negligence, intentional infliction of emotional distress, and intentional deprivation of his statutory rights under the Worker's Compensation Act. The trial court dismissed the complaint pursuant to IC 22–3–4–12.1 ("Section 12.1"), which gives the Worker's Compensation Board "exclusive jurisdiction" to adjudicate whether an employer or worker's compensation insurance carrier has acted with a lack of diligence, in bad faith, or has committed an independent tort in settling a worker's compensation claim. On appeal, Sims raises a multi-prong state constitutional attack[1] upon Section 12.1. However, the following is-

---

1. Included among the constitutional arguments raised by Sims is that Section 12.1(b) places an unreasonable cap of $20,000.00 on a bad faith or independent tort claim brought against a worker's compensation insurance carrier. He contends that such cap eliminates the possibility of a complete tort remedy. Because we find that this issue was not properly raised before the trial court, we do not reach this issue. We note that a party may only obtain judicial review of issues that were properly before the trial court. *Monschein v. LaLonde,* 701 N.E.2d 1275, 1277 (Ind.Ct.App.1998). This rule similarly applies to the constitutionality of a statute. *Id.* Here, although Sims discussed the issue in his "Memorandum Of Law In Opposition To Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction," the issue was not properly raised in or decided by the trial court, and we do not reach the issue in this appeal.

sues are dispositive of our review: whether that portion of Section 12.1 which provides that the Worker's Compensation Board has exclusive jurisdiction to determine whether a worker's compensation carrier has committed an independent tort violates the "open courts" provision of Article I, Section 12 of the Indiana Constitution and the right to jury trial as expressed in Article I, Section 20. We hold that it does.

We reverse.

### FACTS AND PROCEDURAL HISTORY

The facts of this appeal are relatively straightforward. John Sims was employed as a laborer for Hagerman Construction Corporation. On September 9, 1998, he was injured while working at a construction site located at the Conseco Fieldhouse in Indianapolis, Indiana. Sims tripped over a welding lead that was across a stairway, fell down the flight of stairs, and sustained a left ankle sprain and a tibial avulsion fracture.

Sims, by counsel, contacted USF&G on October 22, 1998, with respect to scheduling medical care and payment of temporary total disability benefits. USF&G failed to respond. On November 11, 1998, Sims again contacted USF&G for the purpose of arranging medical care. USF&G did not respond.

On November 23, 1998, Sims filed his complaint against USF&G claiming gross negligence, intentional infliction of emotional distress, and intentional deprivation of statutory rights under the Worker's Compensation Act for allegedly depriving him of his Worker's Compensation benefits and constructively denying him access to timely medical care and physical therapy.

USF&G filed a motion to dismiss for lack of subject matter jurisdiction on January 7, 1999. In the motion, USF&G relied upon Section 12.1, which provides, in part, as follows:

"The worker's compensation board, upon hearing a claim for benefits, has the exclusive jurisdiction to determine whether the employer, the employer's worker's compensation administrator, or the worker's compensation insurance carrier has acted with a lack of diligence, in bad faith, or has committed an independent tort in adjusting or settling the claim for compensation."

The trial court granted the motion to dismiss for lack of subject matter jurisdiction. Sims now appeals.

### DISCUSSION AND DECISION

■ When reviewing an Ind. Trial Rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented by the plaintiff falls within the general scope of the authority conferred upon the court by constitution or statute. *Samm v. Great Dane Trailers,* 715 N.E.2d 420, 424 (Ind.Ct.App.1999), *trans. denied* (2000). A motion to dismiss for lack of subject matter jurisdiction presents a threshold question with respect to a court's power to act. *Id.* The trial court has wide latitude to devise procedures to ferret out the facts relevant to jurisdiction and in weighing the evidence to resolve factual disputes affecting the jurisdictional question. *Wine–Settergren v. Lamey,* 716 N.E.2d 381, 384 (Ind.1999). The party appealing a trial court's dismissal for lack of subject matter jurisdiction has the burden to establish that the trial court erred in ruling on the jurisdictional question. *Id.*

■■ This appeal involves the constitutionality of a statute. When considering the constitutionality of a statute, we accord it every reasonable presumption of validity. *State v. Rendleman,* 603 N.E.2d 1333, 1334 (Ind.1992). The party challenging the constitutionality of a statute has the burden to rebut the presumption of constitutionality. *State v. Hoovler,* 668 N.E.2d 1229, 1232 (Ind.1996). All doubts are resolved against a challenger who must over-

come that presumption by "clearly demonstrating the provision to be invalid." *Id.*

According to Sims, granting the Worker's Compensation Board the exclusive jurisdiction to adjudicate independent tort claims effectively closes the · courthouse doors to workers seeking to pursue redress against errant employers or worker's compensation insurance carriers in attempting to settle their worker's compensation claims. We agree.

Article I, Section 12 of the Indiana Constitution provides: "All .courts shall be open; and every person for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely and without denial; speedily, and without delay." IND. CONST. art. I, § 12.

In *Stump v. Commercial Union*, 601 N.E.2d 327 (Ind.1992), our supreme court examined the issue of what types of actions would be permitted to be brought by an injured worker against a worker's compensation insurance carrier based upon harm caused to the worker as the result of processing or settling the worker's compensation claim. The court stated that "Indiana courts have consistently held that the exclusive remedy provision [of the Worker's Compensation Act] does not apply to bar the right of an employee to assert actions against third·parties." *Id.* at 330. The court approved of the reasoning in *Baker v. American States Ins. Co.*, 428 N.E.2d 1342 (Ind.Ct.App.1981), in which a panel of the Court of Appeals held that the exclusivity provisions do not prohibit an action against the insurer for fraudulent misrepresentations made by the insurer in the course of settling a claim with an injured employee. *Id.* It was de-

termined that such harm " 'is not the kind. of harm for which the Workmen's Compensation Act was calculated to compensate' " as it did not arise out of or in the course of employment, but instead arose after the worker had been injured at work. *Id.* (*quoting Baker*, 428 N.E.2d at 1347).

Following this reasoning, the *Stump* court stated: "The relationship of the compensation insurance carrier to the employer should not afford it special immunity.... We find no adequate justification to absolve worker's compensation insurance carriers and other such third parties of their responsibilities in the event of additional injuries or harm proximately caused by their actionable conduct." *Id.* at 331. The court further noted that this interpretation was consistent with the "open courts" provision of Article 1, Section 12. *Id.* Finally, in specifically holding that Indiana law would recognize gross negligence as a cognizable claim against a worker's compensation insurance carrier, the court emphasized the "strong Indiana policy value embodied in the ... constitutional right to remedy by due course of law." *Id.* at 332. The court ultimately determined that gross negligence, intentional infliction of emotional distress, and constructive fraud were cognizable claims a worker may maintain against an insurer.

Based upon the reasoning of *Stump*, we hold that the portion of Section 12.1 which states that the Board "has the exclusive jurisdiction to determine whether the ... employer's worker's compensation insurance carrier has ... committed an independent tort in adjusting or settling the· claim for compensation" is unconstitutional as violative of Article 1, Section 12 of the Indiana Constitution.[2] Sims's allega-

---

2. The author acknowledges that he voted with the majority in *Borgman v. State Farm Insurance Co.*, 713 N.E.2d 851, 856 (Ind.Ct.App. 1999), *trans. denied,* which appears to reach a contrary holding. Yet, *Borgman* presented an Article 1, Section 12 challenge based upon bad faith in settling the claim under the Worker's Compensation Act. Under *Stump,*

this was not determined to be a separate and independent tort for which recourse to the courts could be maintained. *Stump,* 601 N.E.2d at 333. Instead, the remedy for harm caused by the insurer's bad faith remains within the exclusive jurisdiction of the Worker's Compensation Board. *Id.* Further, as noted in *Borgman,* a constitutional challenge

tions of gross negligence, intentional infliction of emotional distress, and intentional deprivation of statutory rights amount to independent torts, which do not fall within the exclusive jurisdiction of the Worker's Compensation Board. We recognize that Section 12.1 was adopted after *Stump*, and perhaps in part because of the result of the decision. However, we disagree with USF&G that our reliance upon *Stump* is misplaced.

Recently, in *Martin v. Richey*, 711 N.E.2d 1273 (Ind.1999), our supreme court examined Article 1, Section 12 in the context of considering the constitutionality of the medical malpractice statute of limitations. The plaintiff in *Martin* argued that the open courts clause created both a fundamental right of access to the courts and a complete tort remedy. The defendant, however, argued that no such fundamental rights existed and that the general assembly can abolish any cause of action for any reason. The court rejected both views.

In so doing, the court noted that its prior holdings did not establish a fundamental right of access to the courts. Yet, the court also stated that "the legislature has the authority to modify or abrogate common law rights *provided that* such change does not interfere with constitutional rights." *Id.* at 1283 (emphasis added). The court reiterated that "there is a right of access to the courts, and that the legislature cannot unreasonably deny citizens the right to exercise this right." *Id.* Furthermore, "the legislature cannot deprive a person of a complete tort remedy arbitrarily and unreasonably, consistent with the protections Section 12 affords, and ... legislation which restricts such a right must be a rational means to achieve a legitimate legislative goal." *Id.*

Ultimately, the *Martin* court invalidated the Medical Malpractice Act's two-year statute of limitations provision as applied to the plaintiff because otherwise she would have been completely denied access to the courts since she could not have known of her medical condition within the two-year occurrence based statute of limitations. *Id.* at 1284. The statute of limitations period required the plaintiff to file a claim prior to being able to discover the alleged malpractice, and thus imposed "an impossible condition" on her access to the courts and to a tort remedy. *Id.* at 1297.

In light of *Martin*, we find that Sims's right of access to the courts has been unreasonably denied. *Martin* unequivocally held that the General Assembly can abrogate common law rights and remedies, as long as doing so does not interfere with constitutional rights. Removing a worker's access to the court for a determination of the worker's independent cause of action against a worker's compensation insurance carrier is not constitutionally permissible. The result is to deprive injured workers who have been *subsequently* harmed by the malfeasance of the insurer the right to a complete tort remedy. This is not the type of harm that the Worker's Compensation Act was intended to compensate. *See Baker*, 428 N.E.2d 1342, 1347. Sims's claims against USF&G arose solely from subsequent, additional injuries allegedly caused by USF&G. Depriving Sims of his day in court for the subsequent independent torts allegedly committed by USF&G is not consistent with the "open courts" provision of Article 1, Section 12 of our Constitution.

■ The purpose of the Worker's Compensation Act is not to immunize third-party tortfeasors and insurers from liability for the harm caused by their own independent torts. *Samm*, 715 N.E.2d 420, 425 (*citing Frampton v. Central Ind. Gas Co.*, 260 Ind. 249, 297 N.E.2d 425, 427 (1973)). Instead, the goal is to benefit employees by providing a means for workers injured in the course of their employment to receive immediate compensation for their injuries. *Id.* Such statutory com-

---

to a statute imposes a heavy burden upon a party to overcome the presumption of consti-

tutionality. Here, unlike in *Borgman*, this burden has been satisfied.

pensation is the sole remedy available to an employee. It does not logically or constitutionally follow to allow worker's compensation insurers to use the Worker's Compensation Act as a shield to immunize themselves from liability for their own independent torts. Therefore, we hold that that portion of Section 12.1 which gives the Worker's Compensation Board exclusive jurisdiction to determine whether worker's compensation insurers have committed independent torts in the course of adjusting or settling the claim is unconstitutional as violative of Article 1, Section 12.

■ Alternatively, Sims advances the argument that the exclusivity provision of Section 12.1 violates his constitutional right to trial by jury as expressed in Article 1, Section 20 of the Indiana Constitution. We agree.

Article 1, Section 20 of our Constitution provides: "In all civil cases the right of trial by jury shall remain inviolate." This Court has observed that the right to a jury trial is "immemorial and is a fundamental right in our democratic judicial system." *Levinson v. Citizens Nat. Bank of Evansville*, 644 N.E.2d 1264, 1267 (Ind.Ct.App. 1994). Courts of this State have "scrupulously guarded" the right to a jury trial and remained vigilant in protecting the right against encroachment. *Id.*

■ The jury trial right is preserved only when the action was triable by a jury at common law. *Id.* In *Warren v. Indiana Telephone Co.*, 217 Ind. 93, 102, 26 N.E.2d 399, 403 (1940), our supreme court determined that actions for injuries to the person caused by another's negligence were actionable under the common law of England and triable by jury. The court concluded that because of this, the right to a jury trial in common law actions for injuries to the person due to negligence is fully protected under Article 1, Section 20. *Id.* The *Warren* court went on to hold that the Worker's Compensation Act did not abrogate the right to a jury trial because the rights and duties created by the Act are contractual in nature and arise out of the voluntary acceptance of such terms. *Id.* In other words, once an employee elects to be bound by the terms of the Act, he cannot complain that he no longer has the right to a jury trial.

Relying upon *Warren*, USF&G contends that Sims cannot complain about the burdens of the Act, including Section 12.1, while at the same time accepting the benefits of the Act. We find this argument unpersuasive. As stated, we hold that the exclusivity provision of Section 12.1 giving exclusive jurisdiction to the Worker's Compensation Board to determine whether the employer or insurance carrier has committed an independent tort is unconstitutional as violative of both the open courts provision and the right to a jury trial. Therefore, because a case such as Sims's involving an independent tort would not fall within the exclusive jurisdiction of the Worker's Compensation Board in any event, the holding and rationale of *Warren* do not apply.

Under our Constitution, the right to a jury trial must remain inviolate in civil cases. Because the exclusivity provision of Section 12.1 eviscerates this right, we conclude that this portion of the statute is unconstitutional as violative of Article I, Section 20.

Reversed and remanded.

RILEY, J. concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting

I respectfully dissent, inasmuch as Sims has failed to carry his burden of rebutting the presumption of constitutionality of IND. CODE § 22–3–4–12.1, the bad faith statute. *See Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind.1996). I would note that the alleged torts at issue here are an offshoot of the Workers Compensation Act: but for the Act there would be no insurance carrier against whom to bring

an action. Further, it is apparent to me that the bad faith statute includes the alleged commission of an independent tort in adjusting or settling a claim for compensation just as it properly encompasses a claim that the employer, its carrier, or its administrator has acted in bad faith or with lack of diligence.

Even if this court were to uphold the constitutionality of the bad faith statute as I advocate, it does not follow that the Workers' Compensation Board is subject to judicial oversight as the majority advocates. Rather, proceeding through the Board is simply a pre-requisite to an appeal through the court system. I would note that the circumstances here are somewhat analogous to the Medical Malpractice Review Board where aggrieved plaintiffs must initially submit their claims before entering the court house door. IND.CODE § 34–18–10–1 et seq.

My review of the Workers' Compensation Act suggests deliberate policy choices and trade-offs which our government has supported since the Progressive Era. The remedies available to injured workers were limited under the Act in return for a system in which those aggrieved claimants did not have to show fault on the part of their employers. Such a goal was certain to create a swift and definitive system of compensation under more informal rules. I would note that this goal has been realized to a great extent.

Contrary to the majority's view, I would find that the bad faith statute is not unconstitutional merely because it alters or restricts the manner of achieving a remedy in the court system. See Borgman v. State Farm Ins. Co., 713 N.E.2d 851, 856 (Ind.Ct.App.1999), trans. denied. In Borgman this court determined that an action against an employer's workers' compensation insurance carrier for lack of diligence, bad faith, or an independent tort, falls within the exclusive jurisdiction of the Worker's Compensation Board. We also noted that, after applying the traditional deferential tests of constitutionality, the open courts provision of Article I, § 12 was not violated by the provision. Specifically, we reasoned that "the statute simply designates the proper forum for bringing enumerated claims against the worker's compensation insurance carrier and does not operate to strip the [claimant] of an established right of recourse." Id. at 856. In accordance with the reasoning set forth in Borgman, I see no viable reason to find otherwise here.

Our supreme court recently noted that "the legislature has the authority to modify or abrogate common law rights provided that such change does not interfere with constitutional rights." Martin v. Richey, 711 N.E.2d 1273, 1283 (Ind.1999); see also McIntosh v. Melroe Co., 729 N.E.2d 972, 977–978 (Ind.2000), ("the General Assembly has the authority to modify the common law and . . . there is no 'fundamental right' to bring a particular cause of action to remedy an asserted wrong"). Inasmuch as I believe that access to the courts as required in Art. I, § 12 has not been barred by the exclusionary provision at issue, I would find it constitutional. In addition, because the statute in question went into effect after the cases upon which the majority relies,[3] review of the statute does not necessarily depend upon the outcome of the older cases. Indeed, the majority recognizes that the statute was possibly passed in reaction to the prior decisions. 729 N.E.2d at 975–976. Our courts' traditional deference to the legislature should prevail over earlier case decisions which state that a worker had access to the courts to bring an action for particular injuries committed by an insurance carrier.

I am also unable to agree with the majority's view that the exclusivity provision of the bad faith statute violated Sims' right to a trial by jury. 729 N.E.2d at 976–977.

---

**3.** Baker v. American States Ins. Co., 428 N.E.2d 1342 (Ind.Ct.App.1981); Stump v. Commercial Union, 601 N.E.2d 327 (Ind. 1992).

I recognize that under worker's compensation, the plaintiff does not have the right to a trial by jury as does the medical malpractice plaintiff who prevails before the malpractice board. However, because a meaningful right to appeal an adverse decision is available, it is my belief that the lack of a jury trial to be merely one of the policy trade-offs involved in guaranteeing to workers a system of compensation superior to that which preceded it, a system which has been found constitutional in previous challenges. *See Warren v. Indiana Telephone Co.*, 217 Ind. 93, 103, 26 N.E.2d 399, 403, (1940) (Workmen's Compensation Act does not violate constitutional mandates that the courts shall be open or that the right to trial by jury shall remain inviolate in civil cases); *Tribbett v. Tay Mor Industries, Inc.*, 471 N.E.2d 332, 335 (Ind.Ct.App.1984) (not unconstitutional for legislature to make Workmen's Compensation Act the exclusive remedy of injured workers). Thus, I cannot agree with the majority's view that the exclusivity provision of the bad faith statute is unconstitutional with regard to Sims' claim that he was denied the right to a jury trial.

Lastly, while I vote to uphold the constitutionality of the statute, I am compelled to address the $20,000 limitation on recovery on a bad faith or independent tort claim brought against a worker's compensation insurance carrier. I do so despite my agreement with my colleagues that the issue was not properly raised before the trial court.

In my view, the $20,000 limitation set forth in the statute may very well preclude meaningful recovery in some instances. Thus, I agree with Sims' assertion that such a cap serves to bar a complete remedy for some claimants. Notwithstanding, I would defer to the legislature regarding what the proper limitation might be, but I perceive extreme danger in the present limit. In fact, the monetary cap set forth in the statute effectively invites some insurance carriers who are confronted with the case of a seriously injured employee to simply pay the limit and escape further liability.

Once again, the analogy to our medical malpractice statutes is helpful here. The legislative cap on recovery from a physician for malpractice has been repeatedly found constitutional. *Johnson v. St. Vincent Hospital, Inc.*, 273 Ind. 374, 396, 404 N.E.2d 585, 599 (1980); *Bova v. Roig*, 604 N.E.2d 1, 3 (Ind.Ct.App.1992); *St. Anthony Medical Center, Inc. v. Smith*, 592 N.E.2d 732, 739 (Ind.Ct.App.1992), *trans. denied*. However, the legislature has periodically raised that cap, no doubt recognizing that a limitation which was too low might invite a finding of unconstitutionality. *See* IND.CODE § 16–9.5–2–2 (1975) (total recovery for malpractice limited to $500,000); IND.CODE § 27–12–14–1 (1993) (total recovery limited to $750,000 for act of malpractice after January 1, 1990); IND. CODE § 34–18–14–1 (1998) (total recovery limited to $1,250,000 for act of malpractice after June 30, 1999). Similarly, legislation has periodically raised the scheduled benefits for injuries under the Worker's Compensation Act and thus avoided the issue of constitutionality. *See* IND.CODE § 22–3–3–10. Rather than invalidate the route to judicial review of a claim of this sort, I would find the cap to be the much more urgent matter for constitutional review.

For all of the above reasons, I would find that the bad faith statute is constitutional insofar as it brings independent torts by an employer, insurance carrier or administrator under the jurisdiction of the Workers Compensation Board. Moreover, it is my belief that the statute should not be deemed unconstitutional upon Sims' claim that his right to a jury trial has been eviscerated. Finally, I would urge the legislature to consider raising the $20,000 limitation on recovery to avoid constitutional challenges in the future.