John SIMS, Appellant (Plaintiff),

v.

### UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee (Defendant).

No. 49S02–0105–CV–229.

Supreme Court of Indiana.

Jan. 28, 2003.

W.F. Conour, Conour Doehrman, Indianapolis, IN, Attorney for Appellant.

Julia Blackwell Gelinas, David T. Kasper, Nelson D. Alexander, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellee.

William R. Groth, Geoffrey S. Lohman, Fillenwarth Dennerline Groth & Towe, Indianapolis, IN, Attorneys for Amicus Curiae Indiana State AFL–CIO in Opposition to Transfer.

Nathan B. Maudlin, Ice Miller, Indianapolis, IN, Attorney for Amicus Curiae the Insurance Institute of Indiana, the Indiana Chamber of Commerce, the American Insurance Association, the National Association of Independent Insurers, and the Alliance of American Insurers in Support of Transfer.

RUCKER, Justice.

Indiana Code section 22–3–4–12.1 grants exclusive jurisdiction to the Worker's Compensation Board to determine whether a worker's compensation insurance carrier committed an independent tort in adjusting or settling the injured worker's claim. Specifically subsection (a) of the statute provides:

> The worker's compensation board, upon hearing a claim for benefits, has the exclusive jurisdiction to determine whether the employer, the employer's worker's compensation administrator, or the worker's compensation insurance carrier has acted with a lack of diligence, in bad faith, or has committed an independent tort in adjusting or settling the claim for compensation.

We decide today that the statute is not constitutionally infirm.

### Facts and Procedural History

John Sims was employed as a laborer for Hagerman Construction Corporation. On September 9, 1998, he was injured while working at Conseco Fieldhouse in Indianapolis. More particularly, while walking down a flight of metal stairs, Sims tripped over a welding lead that had been draped across the stairway. Falling down the stairs, Sims sprained his left ankle and sustained a fracture to his left tibia.

Hagerman Construction filed a "First Report of Injury" notice with its worker's compensation carrier, United States Fidelity and Guaranty Company ("USF&G"). On October 20, 1998, USF&G sent Sims a letter requesting that he complete a "Statement of Claim" form. Sims did so and returned the form. On October 22, 1998, Sims contacted USF&G by letter seeking to schedule medical care and requesting payment of temporary total disability benefits under the Worker's Compensation Act ("Act"). USF&G did not respond. He followed up the request on November 11, 1998. Again the insurance carrier failed to respond. On November 23, 1998, Sims filed a complaint in the Marion Superior Court alleging USF&G was grossly negligent, intentionally inflicted emotional distress, and intentionally deprived him of certain statutory rights by refusing to provide worker's compensation benefits and by denying him access to timely medical care and physical therapy.

In response, USF&G filed a motion to dismiss under Indiana Trial Rule 12(B)(1) alleging lack of subject matter jurisdiction. Citing Indiana Code section 22–3–4–12.1,

USF&G argued that the Worker's Compensation Board had the exclusive jurisdiction over the claims alleged in Sims' complaint. The trial court agreed and granted the motion to dismiss. Sims appealed making several Indiana constitutional challenges to the statute. Finding two of the challenges dispositive, a divided panel of the Court of Appeals reversed the trial court holding Indiana Code section 22–3–4–12.1 violated the "open courts" provision of Article I, Section 12 of the Indiana Constitution and the right to a trial by jury as expressed in Article I, Section 20 of the Indiana Constitution. *See Sims v. U.S. Fid. & Guar. Co.*, 730 N.E.2d 232, 234 (Ind.Ct.App.2000). Having previously granted transfer, we conclude the statute violates neither section of the Indiana Constitution and thus affirm the trial court.

### Standard of Review

■ When a statute is challenged as an alleged violation of the Indiana Constitution, our standard of review is well settled. A statute is presumed constitutional until the party challenging its constitutionality clearly overcomes the presumption by a contrary showing. *Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind.1996). If a statute has two reasonable interpretations, one constitutional and the other not, we will choose the interpretation that will uphold the constitutionality of the statute. *Id.* We do not presume that the General Assembly violated the constitution unless the unambiguous language of the statute so mandates. *Id.* This Court should "nullify a statute on constitutional grounds only where such result is clearly rational and necessary." *Bd. of Comm'rs of the County of Howard v. Kokomo City Plan Comm'n*, 263 Ind. 282, 330 N.E.2d 92, 95 (1975).

### Discussion

#### I.

■ Article I, Section 12 of the Indiana Constitution provides: "*All courts shall be open;* and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Ind. Const. art I, § 12 (emphasis added). Sims contends, and the Court of Appeals agreed, that granting the Worker's Compensation Board the exclusive jurisdiction to adjudicate independent tort claims "effectively closes the courthouse doors to workers seeking to pursue redress against errant employers or worker's compensation insurance carriers in attempting to settle their worker's compensation claims." *Sims*, 730 N.E.2d at 235.

■ The Worker's Compensation Act contains an exclusivity provision that provides:

> The rights and remedies granted to an employee ... on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5–2–6.1.

Ind.Code § 22–3–2–6 (West Supp.2002). This statute limits an employee whose injury meets the jurisdictional requirements of the Act to the rights and remedies provided therein. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1285 (Ind. 1994); *Campbell v. Eckman/Freeman & Assocs.*, 670 N.E.2d 925, 930 (Ind.Ct.App. 1996), *trans. denied.* Accordingly, if an employee's injury occurred by accident arising out of and in the course of employment, then the employee is entitled to worker's compensation benefits. The exclusivity provision bars a court from hearing any common law action brought by the

employee for the same injuries. *Campbell,* 670 N.E.2d at 930; *see Wine–Settergren v. Lamey,* 716 N.E.2d 381, 384 (Ind.1999). However, the Act permits an action against third party tortfeasors, so long as the third party is neither the plaintiff's employer nor his fellow employee. I.C. § 22–3–2–13 (West Supp.2002); *see Wine–Settergren,* 716 N.E.2d at 384; *Campbell,* 670 N.E.2d at 930. Under the Act, the term "employer" includes the worker's compensation carrier. *See* I.C. § 22–3–6–1(a) (West Supp.2002).

In *Stump v. Commercial Union,* 601 N.E.2d 327 (Ind.1992) this Court was called upon to respond to a certified question from the United States District Court, Northern District of Indiana, Fort Wayne Division. We were asked whether Indiana law permitted a cause of action by an injured employee against a worker's compensation insurance carrier for injuries proximately caused by the insurance carrier's tortious conduct such as gross negligence, intentional infliction of emotional distress, and constructive fraud. *Id.* at 329. This Court held that the exclusive remedy provision of the Act does not preclude an employee from filing a complaint in court against a worker's compensation insurance for such claims. *Id.* at 333. We reasoned that the exclusive remedy provision precludes an employee's action outside the Act only when the injury occurs by accident and in the course of employment. *Id.* at 331. However an additional harm caused by a carrier's mishandling of a claim was not the type of harm the Act was intended to compensate. *Id.* Although not expressly analyzing the point, we also noted that this interpretation was consistent with the "open courts" provision of Article I, Section 12.. *Id.*

Relying on the reasoning in *Stump,* the Court of Appeals majority in this case held that the portion of Indiana Code section 22–3–4–12.1 which declares that the Worker's Compensation Board " 'has the exclusive jurisdiction to determine whether the … employer's worker's compensation insurance carrier has … committed an independent tort in adjusting or settling the claim for compensation' " violates Article I, Section 12 of the Indiana Constitution. *Sims,* 730 N.E.2d at 235 (quoting I.C. § 22–3–4–12.1(a)). However, Indiana Code section 22–3–4–12.1 was enacted after *Stump* and likely represented a legislative response to it. The Court of Appeals majority acknowledged as much but nonetheless found that the statute violated the "open courts" clause of the Indiana Constitution by unreasonably denying Sims access to the courts and denying him a complete remedy for the insurance carrier's alleged independent tort. *Id.* However, because of the legislative enactment, *Stump* is no longer controlling.

In *Martin v. Richey,* 711 N.E.2d 1273 (Ind.1999), this Court examined Article I, Section 12 in the context of considering the constitutionality of the medical malpractice statute of limitations. In so doing, we noted that this Court has never held that there is a "fundamental right" to access to the courts. *Id.* at 1283. Rather, the legislature "has the authority to modify or abrogate common law rights provided that such change does not interfere with constitutional rights." *Id.* We reiterated "there is a right of access to the courts, and … the legislature cannot unreasonably deny citizens the right to exercise this right." *Id.*

Here, the Court of Appeals seized on the quoted language to support the conclusion that the statute violated Article I, Section 12 of the Indiana Constitution. However, our ruling in *Martin* did not sweep quite so broadly. Instead, we determined that the occurrence-based statute of limitations was unconstitutional as applied to the

plaintiff primarily because otherwise the statute "would impose an *impossible* condition on plaintiff's access to courts and ability to pursue an otherwise valid tort claim." *Id.* at 1284 (emphasis added). In other words, the statute as applied completely denied plaintiff Martin all access to the courts.

Unlike Martin, Sims is not completely denied access to the courts. Rather, he is merely required to present his claim first to the full Worker's Compensation Board. Thereafter, if he receives an adverse ruling, then he may invoke the jurisdiction of the appellate courts. *See* I.C. § 22–3–4–8(b); *Sheets v. Disabilities Servs., Inc.,* 602 N.E.2d 506, 506 (Ind.1992). As the Court of Appeals has previously observed, "[t]he legislature, in enacting [I.C. § 22–3–4–12.1(a) ], has merely acted to restrict the remedy available for a breach of duty imposed upon the worker's compensation insurance carrier." *Borgman v. State Farm Ins. Co.,* 713 N.E.2d 851, 856 (Ind.Ct.App. 1999), *trans. denied,* (rejecting a claim that the statute violated the "open courts" provision of Article I, Section 12). We agree with the *Borgman* court. Accordingly, we conclude that Sims has failed to overcome the presumptive constitutional validity of the challenged statute.

## II.

■ Sims also contends that Indiana Code section 22–3–4–12.1 unconstitutionally deprives him of a jury trial by requiring that his claim be submitted to the Worker's Compensation Board. He relies on Article I, Section 20 of the Indiana Constitution, which dictates, "In all civil cases, the right of trial by jury shall remain inviolate." Ind. Const. art. I, § 20. The phrase "civil cases" has been construed to preserve a jury right in those civil cases triable by jury at common law. *Wright v. Fultz,* 138 Ind. 594, 38 N.E. 175, 175

(1894); *Allen v. Anderson,* 57 Ind. 388, 389 (1877); *Lake Erie, Wabash & St. Louis R.R. Co. v. Heath,* 9 Ind. 558, 559–60 (1857). It is true that actions for injuries caused by another were known under the common law and triable by jury. *Warren v. Ind. Tel. Co.,* 217 Ind. 93, 26 N.E.2d 399, 403 (1940). However, Sims' right to pursue the insurance carrier arose only because of the existence of the Act. Namely, because of his on-the-job injury, and regardless of fault, Sims is entitled to compensation. In the words of Judge Baker, "but for the Act there would be no insurance carrier against whom to bring an action." *Sims,* 730 N.E.2d at 237–38 (Baker, J., dissenting). We agree. As explained in more detail below, Indiana Code section 22–3–4–12.1 is part of a special statutory proceeding, and not a "civil case" as contemplated by Article I, Section 20.

Prior to the enactment of worker's compensation acts, workers were faced with the harshness of the common law. An action in tort against the employer was the only remedy available to an employee injured in the workplace by the alleged negligence of an employer. These claims were rarely successful due to the common law defenses of contributory negligence, assumption of risk, and injury by a fellow servant. *See Frampton v. Cent. Ind. Gas Co.,* 260 Ind. 249, 297 N.E.2d 425, 427 (1973). The basic policy underlying the Act was to shift the economic burden for employment connected injuries from the employee to the employer:

When an injury to a servant is found to be covered by a workers' compensation act, it is uniformly held that the statutory compensation is the sole remedy, and that any recovery against the employer at common law is barred. It is recognized that this remedy is in the nature of a compromise, by which the worker is to accept a limited compensation, usually less than the estimate

which a jury might place upon his damages, in return for an extended liability of the employer, and an assurance that he will be paid.

W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 80, at 574 (5th ed. 1984) (footnotes omitted). This *quid pro quo* regime represents a deliberate policy choice by the General Assembly in an apparent response to the Industrial Revolution when "more and more men poured their lives, their limbs, and their health into the might of industry." Ben F. Small, *Workmen's Compensation Law of Indiana*, § 1.2, at 4–5 (1950). As Justice Dickson has pointed out, "the continuing vitality of a workmen's compensation system not only serves the interests of the injured worker, it also benefits the business community in providing protection from large verdicts and by permitting the business community to more easily predict, quantify and plan for anticipated costs from employee injuries." *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 971 (Ind.1986).

By enacting the Worker's Compensation Act, the General Assembly has changed the common law by establishing a statutory scheme that approaches strict liability: if the accidental injury arises out of and in the course of employment, then the employer must pay. And this is so regardless of whether the employee contributed to the injury, assumed the risk of working in a particular environment, or was injured not by the act of the employer, but by a fellow employee.

Sims is correct that we have long held that the General Assembly has the authority to modify or abrogate the common law "so long as such change does not interfere with constitutional rights." *Martin*, 711 N.E.2d at 1283; *State v. Rendleman*, 603 N.E.2d 1333, 1336 (Ind.1992). However, "Indiana's Constitution does not forbid abolition of old rights recognized by the common law in order to attain permissible legislative [objectives]." *Rendleman*, 603 N.E.2d at 1336. It is axiomatic that because the employee's common law right to proceed in court against an allegedly negligent employer for work related injuries has been abolished by the Legislature, all attendant rights have been abolished as well. In its place, the Legislature has provided a special statutory scheme as the exclusive remedy for such claims. We of course acknowledge that the right to a jury trial is a "fundamental right in our democratic judicial system" that must be "scrupulously guarded" against encroachment. *Levinson v. Citizens Nat. Bank of Evansville*, 644 N.E.2d 1264, 1267 (Ind.Ct. App.1994). Nonetheless, this court has held "that there is no 'fundamental right' ... to bring a particular cause of action to remedy an asserted wrong." *Martin*, 711 N.E.2d at 1283.

Considering the underlying policy and purpose of the Act, the prohibition against trial by jury is reasonable in our view. The Act is designed for the humanitarian purpose of providing injured workers with an expeditious and adequate remedy. *Walker v. State*, 694 N.E.2d 258, 266 (Ind.1998); *see also Leisure v. Leisure*, 605 N.E.2d 755, 758 (Ind.1993) (explaining "[t]he Act was enacted to remove obstacles and insure a more certain remedy for the injured worker."). One may argue that the remedy here was neither certain nor expeditious in that USF&G's delay and non-responsiveness prompted Sims to file a complaint in the first place. However, the Act itself is not the culprit. And it still provides an avenue for redress unencumbered by the inherent delay caused by congested trial court dockets. In sum, we conclude that Indiana Code section 22–3–4–12.1 does not violate Article I, Section 20 of the Indiana Constitution.

### III.

Last, Sims argued before the Court of Appeals that Indiana Code section 22–3–4–12.1 also violates Article I, Section 23 of the Indiana Constitution which provides, "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const. art. I, § 23. Because the court ruled in favor of Sims on other grounds, it did not reach this issue. We now address this claim as well.[1]

According to Sims, the statute creates an impermissible distinction between worker's compensation carriers on the one hand and all other insurance carriers on the other hand. Sims also complains that injured workers are treated differently than other injured parties. Specifically, he says, "under the statute, a tort claimant who suffers additional injury at the hands of a worker's compensation insurance carrier faces a greater burden, diminished remedies, and less compensation than other tort claimants seeking similar recovery from other types of insurance companies or insurance coverage." Br. of Appellant at 19.

Claims asserted under Article I, Section 23 are subject to a two-part test. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics, which distinguish the unequally treated classes. *Collins v. Day*, 644 N.E.2d 72, 78–79 (Ind. 1994). Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. *Id.* at 80. In determining whether a statute complies with or violates Article I, Section 23, courts must exercise substantial deference to legislative discretion.

Legislative classification becomes a judicial question only where the lines drawn appear arbitrary or manifestly unreasonable. So long as the classification is based upon substantial distinctions with reference to the subject matter, we will not substitute our judgment for that of the legislature; nor will we inquire into the legislative motives prompting such classification.

*Id.* The burden is on the challenger "to negative every conceivable basis which might have supported the classification." *Id.* In this case, Sims challenges the statute only upon the first part of the *Collins* two-part test.

The underlying purposes and policy of the Act, as more fully discussed in Part II above, justify the difference in treatment that Indiana Code section 22–3–4–12.1 affords worker's compensation insurance carriers versus other insurance carriers as well as injured workers versus other injured claimants. To provide an "expeditious and adequate remedy" for workers injured in work-related accidents, regardless of fault, *Walker*, 694 N.E.2d at 266, and to "insure a more certain remedy for the injured worker," *Smith v. Smith*, 676 N.E.2d 388, 390 (Ind.Ct.App.1997), the Act obligates employers covered thereby to provide compensation to injured employees

---

1. Sims also contended the statute violates several other Indiana constitutional provisions: (i) the separation of powers as expressed in Article III, Section 1; (ii) the prohibition of special legislation found in Article IV, Sections 22 and 23; and (iii) the grant of judicial authority as expressed in Article VII, Section 1. Because Sims cites no authority in support of his contentions, they are waived. In addition, Sims argued before the Court of Appeals that Indiana Code section 22–3–4–12.1 was unconstitutional because it limited recovery to a maximum of $20,000. The Court of Appeals majority declined to address this issue on the ground that it was not properly raised in the trial court. Sims has not raised this issue on transfer, and therefore we decline to address it.

who at common law were precluded from recovery because of the common law defenses of contributory negligence, assumption of risk, or injury by a fellow servant. Unlike other tort claimants, a worker covered under the Act is absolutely assured of compensation provided the injury was by accident and arose out of and in the course of employment. Too, the Act imposes obligations on worker's compensation carriers that are unique within the insurance industry. For example, an employer's notice or knowledge of an employee's injury is imputed to the worker's compensation carrier, I.C. § 22–3–5–5(c)(3) (West Supp.2002); the worker's compensation carrier is obligated to pay benefits to an injured employee regardless of any default by the employer after the injury occurred, I.C. § 22–3–5–5(c)(4), –5.5(d) (West Supp.2002); and the employer is required to give ten days notice to the Worker's Compensation Board before a worker's compensation carrier can terminate an employee's coverage, I.C. § 22–3–5–5(c)(5) (West Supp.2002). By vesting in the Worker's Compensation Board the authority to determine whether a worker's compensation carrier has committed an independent tort in adjusting or settling a claim, the General Assembly has drawn classifications between injured claimants and insurers that are neither arbitrary nor manifestly unreasonable. Because the disparate treatment in this case is reasonably related to inherent characteristics, which distinguish the unequally treated classes, we conclude that Indiana Code section 22–3–4–12.1 does not violate Article I, Section 23 of the Indiana Constitution.

## Conclusion

A party challenging the constitutionality of a statute carries a heavy burden. In this case, Sims has not carried his burden of demonstrating that Indiana Code section 22–3–4–12.1 violates Article I, Section 12; Article I, Section 20; or Article I, Section 23 of the Indiana Constitution. Therefore, we affirm the judgment of the trial court.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

DICKSON, J., dissents with separate opinion.

DICKSON, J., dissenting.

In *Stump v. Commercial Union*, 601 N.E.2d 327, 333 (Ind.1992), we held that the Indiana Worker's Compensation Act does not authorize injured employees to seek separate recourse in the courts for claims against their employers' worker's compensation insurance carriers based on either (a) breach of duty to act in good faith and to engage in fair dealings with the employee, or (b) breach of fiduciary obligation owed the employee. However, we recognized that an injured employee could maintain a common law claim against the carrier for "tortious conduct such as to constitute gross negligence, intentional infliction of emotional distress, or constructive fraud." *Id.*

In 1997, the Indiana General Assembly enacted a statute declaring that the Worker's Compensation Board has "exclusive jurisdiction to determine whether the employer, the employer's worker's compensation administrator, or the worker's compensation insurance carrier has acted with a lack of diligence, in bad faith, or has committed an independent tort in adjusting or settling the claim for compensation" and providing for maximum recovery of $20,000. Ind.Code § 22–3–4–12.1(a), (b).

This statute does not abolish the civil cause of action recognized under *Stump*, but rather compels exclusive recourse to an administrative tribunal, depriving an injured claimant from seeking redress through courts of law, and denying the

right to a jury trial. I remain convinced that the statute thereby violates Article I, Section 12 ("All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered ... completely, and without denial; ...") and Section 20 ("In all civil cases, the right of trial by jury shall remain inviolate.") of the Indiana Constitution. Our Constitution prohibits the legislature from eviscerating a recognized common law cause of action by proclaiming it ineligible for jury trial.

For these reasons, I would reverse the trial court's order granting the motion to dismiss.