Peggy J. RUSSELL, Appellant–
Plaintiff,

v.

BOWMAN, HEINTZ, BOSCIA &
VICIAN, P.C., Appellee–
Defendant.

No. 49A02–0005–CV–338.

Court of Appeals of Indiana.

Jan. 31, 2001.

Clifford W. Shepard, Consumer Protection Law Offices, Indianapolis, IN, Attorney for Appellant.

Glenn S. Vician, Bowman, Heintz, Boscia & Vician, P.C., Merrillville, IN, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Plaintiff, Peggy J. Russell (Peggy), appeals the trial court's Order dismissing her Complaint against the Appellee–Defendant, Bowman, Heintz, Boscia & Vician, P.C. (Bowman).

We reverse and remand with instructions.

### ISSUES

Peggy raises four issues on appeal, which we consolidate and restate as the following two issues:

1. Whether the trial court erred in concluding that her Complaint was improperly amended.

2. Whether the trial court erred in concluding that her claim was barred by the applicable statute of limitations.

### FACTS AND PROCEDURAL HISTORY

Peggy and her husband, Charles Russell (Charles) (collectively referred as the "Russells"), had an installment loan with Bank One. The Russells defaulted on this loan and Bank One assigned the loan to Arrow Financial Services LLC (Arrow) for collections. During the collection process, a representative from Arrow allegedly contacted Charles' employer and discussed this debt. Arrow in turn assigned this debt to Bowman, and Bowman attempted to collect this debt by filing a small claims court action against the Russells.

On December 14, 1999, Charles filed a Complaint against Arrow. In his Complaint, Charles alleged that Arrow had violated the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). More specifically, this lawsuit alleged violations of the FDCPA by Arrow relating to the collection of the Russells' debt to Bank One. Charles alleged that Arrow violated the FDCPA by discussing this debt with his employer.

Neither Peggy nor Bowman were parties to this initial Complaint. On February 28, 2000, an Amended Complaint was filed in this action in which a claim by Peggy was added against Bowman. In the Amended Complaint, Peggy alleged a violation of the FDCPA by Bowman. Essentially, Peggy contends that the small claims court action was her first communication from Bowman in regard to this debt, and therefore, Bowman was required under the FDCPA to give her a complete dispute validation notice with the initial communication or within five (5) days thereafter, which Peggy claims Bowman failed to do.

Although the Record is unclear as to the exact date, sometime before February 28, 2000, Charles settled his claim with Arrow; however, Charles did not file a Notice of Dismissal, dismissing Arrow from this action, until April 24, 2000. Prior to this, on March 24, 2000, Bowman filed a Motion to

Dismiss, requesting the Court dismiss Peggy's Amended Complaint pursuant to Ind.Trial Rules 12(B)(1) and 12(B)(6). Bowman complained that the amendment to the original Complaint was improper and that Peggy's claim was not timely filed under the applicable statute of limitations. Thus, Bowman asserted that the trial court lacked subject matter jurisdiction over the issues presented in the Amended Complaint. In response, on April 12, 2000, Peggy filed a memorandum in opposition to Bowman's Motion to Dismiss and also filed a Motion for Summary Judgment, requesting that summary judgment be issued in her favor.

The trial court granted Bowman's Motion to Dismiss on April 24, 2000. The trial court found that Peggy improperly amended the original complaint, because the Amended Complaint was filed after a settlement had been reached between the original plaintiff, Charles, and original defendant, Arrow, and because the Amended Complaint substituted new parties and added different claims. The trial court concluded that it had no subject matter jurisdiction due to the improper amendment of the Complaint and because the statute of limitations had expired.

In response to the trial court's dismissal of her Amended Complaint, Peggy now brings this appeal.

## DISCUSSION AND DECISION
### Standard of Review

■ Peggy appeals from the trial court's Order granting Bowman's Motion to Dismiss. Bowman's Motion to Dismiss was filed pursuant to T.R. 12(B)(1) and T.R. 12(B)(6); however, the trial court dismissed Peggy's Amended Complaint solely based on T.R. 12(B)(1), lack of subject matter jurisdiction. Thus, we will review this appeal under the standard appropriate for a T.R. 12(B)(1) motion.

■ In reviewing a T.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. *Sims v. U.S. Fidelity & Guar. Co.*, 730 N.E.2d 232, 234 (Ind.Ct.App.2000). "A motion to dismiss for lack of subject matter jurisdiction presents a threshold question with respect to a court's power to act. The trial court has wide latitude to devise procedures to ferret out the facts relevant to jurisdiction and in weighing the evidence to resolve factual disputes affecting the jurisdictional question." *Id.* Consequently, the party appealing a trial court's dismissal for lack of subject matter jurisdiction has the burden to establish that the trial court erred in ruling on the jurisdictional question. *Id.*

### Amended Complaint

Peggy asserts that the trial court erred in concluding that the Complaint in this case was improperly amended. We agree.

■ "It has been the policy of Indiana law to freely allow the amendment of pleadings to bring all matters at issue before the court." *Arnold v. Dirrim*, 398 N.E.2d 426, 437 (Ind.Ct.App.1979). T.R. 15(A) governs the amendment of pleadings, and provides in pertinent part as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires....

■ Here, Charles filed his initial Complaint on December 14, 1999. On the date the Amended Complaint was filed, February 28, 2000, Arrow had not filed a responsive pleading to the initial Com-

plaint. "Where no responsive pleading to the original complaint has been filed, the plaintiff has a right to amend [his] complaint and there is no need to seek the permission of the trial court." *Comer v. Gohil,* 664 N.E.2d 389, 393 (Ind.Ct.App. 1996); *see also Arnold,* 398 N.E.2d at 437. Thus, under T.R. 15(A), Charles had the right to amend his Complaint "as a matter of course" prior to the service of a responsive pleading by Arrow.

Further, the fact that Charles apparently settled his claim with Arrow prior to the filing of the Amended Complaint on February 28, 2000, is of little consequence because Charles' Complaint was still pending at the time the Amended Complaint was filed and neither Charles nor Arrow had moved to dismiss the lawsuit. Consequently, under T.R. 15(A), Charles had the right to amend his Complaint at the time the Amended Complaint was filed.

██ However, we must separately address whether Charles properly amended his Complaint by joining a new plaintiff, Peggy, and a new defendant, Bowman, to this action. In an amended pleading, a party can add, substitute and/or drop parties to the action. *See Brendanwood Neighborhood Ass'n, Inc. v. Common Council of City of Lebanon,* 167 Ind.App. 253, 338 N.E.2d 695, 697–98 (1975). However, the joinder of parties must comply with the trial rules applicable to joinder. With regard to the permissive joinder of parties, T.R. 20(A) provides:

(A) Permissive Joinder:

(1) All persons may join in one [1] action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

(2) All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities. Unwilling plaintiffs who could join under the rule may be joined by a plaintiff as defendants, and the defendant may make any persons who could be joined under the rule parties by alleging their interest therein with a prayer that their rights in the controversy be determined, along with any counterclaim or cross-claim against them, if any, as if they had been originally joined as parties.

██ "The purpose of T.R. 20(A) is to promote trial convenience, expedite claims, and avoid multiple lawsuits. To accomplish these ends, Indiana courts give T.R. 20(A) the broadest possible reading, especially in light of T.R. 20(B) and T.R. 42(B), which allow for separate trials after all parties have been joined." *United of Omaha v. Hieber,* 653 N.E.2d 83, 87 (Ind. Ct.App.1995) (citation omitted), *reh'g denied, trans. denied.*

██ Peggy asserts that she was properly joined as a plaintiff in this action and Bowman was properly joined as a defendant. Peggy contends that her claim and Charles' claim arose out of the same series of transactions or occurrences because both claims concern alleged violations of the FDCPA in connection to the collection of the Bank One debt by the separate defendants, Arrow and Bowman. Peggy further contends that both claims concern common questions of law because they both allege violations of the FDCPA. In response, Bowman argues that Peggy's cause of action has nothing in common

with Charles' cause of action against Arrow.

To join defendants under T.R. 20(A), three requisites must be met. First, a right of relief must be asserted against the defendants jointly, severally, or in the alternative.

\*    \*    \*

The second and most important requirement is that the claims arose out of the same transaction, occurrence, or series of transactions or occurrences. T.R. 20(A); *Alumax,* at 1168.[1] Indiana courts have applied the logical relationship test in determining whether the causes of action arose out of the same transaction or occurrence. *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, 643, *trans. denied.* This is the same test used for Trial Rule 13(A). "For purposes of that rule, all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, at § 1653. Moreover, " ' "[t]ransaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon their connection as upon their logical relationship.' " *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 588, 364 N.E.2d 1024, 1035 (*quoting, Moore v. New York Cotton Exchange* (1926), 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757), *trans. denied.*

\*    \*    \*

The third and final requirement for T.R. 20(A) joinder is that there are common questions of law or fact. Wright and Miller states, "Rule 20(A) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact." Wright and Miller, at § 1653.

*McCoy v. Like,* 511 N.E.2d 501, 504, 505 (Ind.Ct.App.1987) (remaining citations omitted), *reh'g denied, trans. denied.*

In applying this discussion of the requirements of permissive joinder to the case before the court, we find that Peggy's claim against Bowman meets all three prerequisites. Peggy is asserting an alternative right to relief arising out of the same transaction or occurrence as Charles' claim against Arrow. Both Peggy's cause of action and Charles' cause of action concern the collection of the debt they owed to Bank One and alleged violations in the collection of that debt by Arrow and Bowman. These facts satisfy the logical relationship test. *See Conk v. Richards & O'Neil, LLP,* 77 F.Supp.2d 956, 971 (S.D.Ind.1999). Consequently, there is no merit in Bowman's contention that these claims have nothing in common. Further, there are questions of law common to both claims since both Charles and Peggy have alleged violations of the FDCPA by the defendants.

Therefore, we conclude that Peggy was properly joined as a plaintiff in the Amended Complaint and Bowman was properly joined as a defendant. We reject Bowman's contention that Peggy is attempting to avoid paying court costs and to circumvent the FDCPA statute of limitations. The Complaint was amended as a matter of right under T.R. 15(A) and Peggy and Bowman were properly joined as parties under T.R. 20(A). Accordingly, the Amended Complaint was properly filed and the trial court had subject matter jurisdiction over this action.

*Statute of Limitations*

The trial court additionally found that it lacked subject matter jurisdiction over the Amended Complaint because the applicable statute of limitations had expired. Peggy asserts that the statute of

---

1. *Alumax Extrusions, Inc. v. Evans Transp. Co.,* 461 N.E.2d 1165 (Ind.Ct.App.1984).

limitations had not expired at the time she filed her Amended Complaint. We agree.

Peggy's Amended Complaint alleged a violation by Bowman of 15 U.S.C. § 1692g. This section provides in pertinent part:

§ 1692g. Validation of debts

Notice of debt; contents

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Here, Peggy contends that Bowman's first communication with her in regard to the Bank One debt was the notice of claim filed in the Marion County Small Claims Court on February 23, 1999. Peggy claims that Bowman failed to provide her with a dispute validation notice, as required by 15 U.S.C. § 1692g, in this initial communication or within five (5) days thereafter.

Peggy filed her Amended Complaint on February 28, 2000. The statute of limitations applicable to an action under 15 U.S.C. § 1692g is found at 15 U.S.C. § 1692k(d), and provides as follows: "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any court of competent jurisdiction, within one year from the date on which the violation occurs."

Thus, Peggy was required to file her claim within one (1) year of the date upon which the violation occurred. Bowman contends that the statute of limitations expired on February 23, 2000, one year from the date it filed the notice of claim. However, Peggy contends that the statute of limitations expired on February 28, 2000, the date the Amended Complaint was filed. Peggy argues that the statute of limitation did not begin to run until a violation of 15 U.S.C. § 1692g occurred and such a violation could not have occurred until five (5) days after the initial communication since 15 U.S.C. § 1692g allows a debt collector five days after the initial communication to send a dispute validation notice. We agree with Peggy. Clearly, the statute of limitations could not have begun to run until after the statute was violated, and the statute cannot be violated until the five days has expired. Peggy alleges the initial communication occurred on February 23, 1999, and five days after that date is February 28, 1999. Thus, the one year statute of limitation began to run on March 1, 1999, and expired one year later, on February 28, 2000.

Consequently, we conclude that the Amended Complaint was timely filed within the statute of limitation set forth in 15 U.S.C. § 1692k(d), and as such the trial court had subject matter jurisdiction over

this matter.[2]

### CONCLUSION

Based on the foregoing, we conclude that the Complaint was properly amended and that the Amended Complaint was filed within the applicable statute of limitations. Therefore, we conclude that the trial court has subject matter jurisdiction over Peggy's Amended Complaint and that the trial court erred in dismissing Peggy's Amended Complaint. Accordingly, we reverse the trial court's Order of April 24, 2000, dismissing Peggy's Amended Complaint and instruct the trial court to reinstate this action.

Reversed and remanded with instructions.

BROOK and NAJAM, JJ., concur.

---

2. Since we have concluded that the Amended Complaint was timely filed within the applicable statute of limitations, we need not address whether the filing of the Amended Complaint relates back to the filing date of the initial Complaint under T.R. 15(C).