COMMUNITY HOSPITAL and Fitness Pointe Health Club, Appellants–Defendants,

v.

Arnold AVANT, Appellee–Plaintiff.

No. 45A05–0212–CV–607.

Court of Appeals of Indiana.

June 26, 2003.

Sharon L. Stanzione, Merrillville, IN, Attorney for Appellant.

Nathaniel Ruff, Merrillville, IN, Attorney for Appellee.

**OPINION**

HOFFMAN, Senior Judge.

Appellants–Defendants Community Hospital and Fitness Pointe Health Club ("Defendants") bring this interlocutory appeal from the trial court's order denying their motion to dismiss for lack of subject matter jurisdiction a complaint filed against them by Arnold Avant ("Avant"). We affirm.

On March 12, 2002, Avant filed a complaint against Defendants alleging that on April 25, 2000, Avant injured himself while engaged in a personal training program that the personal trainer at Fitness Pointe Health Club ("Health Club") had designed for him. Health Club is maintained and owned by Community Hospital. Defendants argued that Avant had not complied with Ind.Code § 34–18–8–4 because he had failed to obtain an opinion from a medical review panel prior to filing his complaint. Defendants filed a motion to dismiss the complaint contending that Avant's complaint alleged malpractice against healthcare providers, and thus, was prematurely filed in state court. Defendants alleged that the trial court lacked subject matter jurisdiction over the complaint.

Avant responded by asserting that the trial court did have subject matter jurisdiction over the complaint because it did not allege malpractice. Defendants replied that the case sounded in malpractice. The trial court heard oral argument on the motion to dismiss. Ultimately, the trial court denied the motion to dismiss and certified the case for interlocutory appeal. This appeal ensued.

In reviewing a T.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. *Russell v. Bowman, Heintz, Boscia & Vician, P.C.*, 744 N.E.2d 467, 470 (Ind.Ct.App.2001). A motion to dismiss for lack of subject matter jurisdiction presents a threshold question with respect to a court's power to act. *Id.* The trial court has wide latitude to devise procedures to ferret out the facts relevant to jurisdiction and in weighing the evidence to resolve factual disputes affecting the jurisdictional question. *Id.*

The standard of appellate review of a trial court's grant or denial of a motion to dismiss pursuant to Trial Rule 12(B)(1) is a function of what occurred in the trial court. *Turner v. Richmond Power and Light, Co.*, 763 N.E.2d 1005, 1007 (Ind.Ct.App.2002). The standard of appellate review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id.* If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded to the trial court's conclusion. *Id.* The standard of review is de novo. *Id.* In the present case, the facts are not in dispute.

The issue before us is whether Avant's complaint states a claim for malpractice. If the complaint states a claim for malpractice, then Avant should have filed a proposed complaint with the Indiana Department of Insurance and should have obtained an opinion from the medical review panel. *See* Ind.Code § 34–18–8–4. If the complaint states a claim for negligence then the trial court has subject matter jurisdiction over the claim. *See* Ind.Code § 33–5–29.5–4.

Ind.Code § 34–18–2–18 defines malpractice as a "tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient." Ind.Code § 34–18–2–22 defines patient as "an individual who receives or should have received health care from a health care provider, under a contract, express or implied, and includes a person having a claim of any kind, whether derivative or otherwise, as a result of alleged malpractice on the part of a health care provider." Ind.Code § 34–18–2–13 defines health care as "an act or treatment performed or furnished, or that should have been performed or furnished, by a health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement."

In the present case, Avant was a client of the Health Club owned by Community Hospital. Avant does not meet the definition of "patient" as included in the Medical Malpractice Act. The personal trainer at the Health Club was a Community Hospital employee. However, there is no evidence before the trial court that Avant was under a physician's orders to start the program at the Health Club as part of a medical treatment plan. Therefore, the trial court correctly assumed subject matter jurisdiction over this claim. Avant was not required to obtain an opinion from the medical review panel first.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.