The CITY OF SOUTH BEND, Indiana, et al., Appellants–Plaintiffs,

v.

CENTURY INDEMNITY COMPANY, et al., Appellees–Defendants.

No. 49A02–0403–CV–201.

Court of Appeals of Indiana.

April 5, 2005.

George M. Plews, Jeffrey D. Featherstun, Donald P. Bogard, Plews, Shadley, Racher & Braun, Indianapolis, IN, Cheryl A. Greene, Assistant City Attorney, South Bend, IN, Attorneys for Appellant.

Anthony W. Overholt, Office of Corporation Counsel, Indianapolis, IN, Timothy A. Manges, Fort Wayne, IN, James B. Meyer, Meyer & Wyatt, P.C., Gary, IN, John P. Gourley, Corporation Counsel, Mishawaka, IN, Matthew W. Cockrell, Matthew W. Cockrell & Associates, Kenilworth, IL, Attorneys for Amici Curiae, The Cities of Indianapolis, Fort Wayne, Gary, Mishawaka, and Jeffersonville, Indiana.

Mark E. Shere, Indianapolis, IN, Dale E. Stephenson, Allen A. Kacenjar, Squire, Sanders & Dempsey, L.L.P., Cleveland, OH, Attorneys for Appellee, McGraw–Edison Company.

Bruce L. Kamplain, Norris, Choplin & Schroder, L.L.P, Martha S. Hollingsworth, Bingham McHale, L.L.P, Stephen J. Peters, Stewart & Irwin, P.C., Indianapolis, IN, Terry M. Cosgrove, Arthur J. McColgan, Lord, Bissell & Brook, L.L.P., Steven D. Pearson, Brent J. Graber, Meckler, Bulger & Tilson, L.L.P, Brian C. Coffey,

Cohn, Baughman & Martin, Chicago, IL, Attorneys for Appellees, Century Indemnity Company Zurich American Insurance and Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies.

Steven M. Badger, Michael R. Limrick, McTurnan & Turner, Indianapolis, IN, Laura A. Foggan, John C. Yang, Paul J. Haase, Wiley, Rein & Fielding, L.L.P, Washington, DC, Attorneys for Amici Curiae, Complex Insurance Claims Litigation Association.

Laura S. Reed, Riley, Bennett & Egloff, L.L.P., Indianapolis, IN, Attorney for Amici Curiae, The Insurance Institute of Indiana and Propery Casualty Insurers Association of America.

## PETITION ON REHEARING

ROBB, Judge.

The City of South Bend, Indiana and the South Bend Redevelopment Commission (collectively, the "City") filed a declaratory judgment action against Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies, Century Indemnity Company, and Zurich American Insurance Company (collectively, the "Insurers"), seeking a declaration that the Insurers are obligated to provide insurance coverage for certain environmental liabilities. The trial court dismissed the action, and we reversed, holding that this action was not a prohibited direct action.[1] *City of South Bend v. Cen-*

---

1. With respect to direct actions, we note that on January 6, 2005, nearly two weeks before this opinion was handed down, a bill was introduced in the Indiana House of Representatives by Representative Torr which would amend Indiana Code section 34–14–1–2 to add the following section:

   (b) In an action against an insurer, only a:
   (1) named insured; or

   (2) person seeking status as an insured under the terms of the insurance contract; may bring an action for declaration of coverage before judgment has been entered on the underlying claim.
   *http://www.in.gov/legislative/bills/2005/IN/IN1076.1.html* (last visited Mar. 11, 2005).
   Representative Torr is also an insurance adjuster, and as such, insurance is an area

*tury Indem. Co.*, 821 N.E.2d 5, 13 (Ind.Ct. App.2005). The City has petitioned for rehearing, asking that we address the issue, raised in its brief, of whether Indiana Code section 27–1–13–7 applies to this action.

The entity allegedly responsible for the environmental liabilities, Studebaker Corporation, was dissolved pursuant to Michigan law in 1968. We noted that "[h]ad the City named only Studebaker as a party to its substantive action for the costs of environmental clean-up, we would agree with the Insurers that there was no liability for insurance to cover." *City of South Bend*, 821 N.E.2d at 13. The City contends that this dictum is inconsistent with Indiana Code section 27–1–13–7, which provides, in pertinent part:

> No policy of insurance against loss or damage resulting from accident to, or death or injury suffered by, an employee or other person or persons and for which the person or persons insured are liable ... shall be issued or delivered in this state by any domestic or foreign corporation, insurance underwriters, association, or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision that the *insolvency or bankruptcy of the person or persons insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned* during the life of such policy....

(Emphasis added.) The City urges that Studebaker's policies of insurance are subject to this provision because Studebaker

within his particular expertise. This proposed amendment would indicate that as of January 6, 2005, the state of the law was that

is "insolvent" within the meaning of the statute and notes that if Studebaker is not subject to this statute and if the City is unable to prove McGraw–Edison is the successor to Studebaker's liability, it will have no further recourse for the environmental clean-up.

The City contends that "[t]here is no basis for distinguishing dissolution from ... insolvency ..." for purposes of this statute. Appellant's Petition for Rehearing at 8. We disagree. The legislature has not, in other statutes, used the terms "insolvency" and "dissolution" interchangeably. *See* Ind.Code § 32–30–5–1(5) (declaring that a receiver may be appointed "[w]hen a corporation: (A) has been dissolved; (B) is insolvent; (C) is in imminent danger of insolvency; or (D) has forfeited its corporate rights."). We decline to judicially add "dissolution" to the statute at issue here. Moreover, as the Insurers point out in their response, the statute requires liability on the part of the insured. As Studebaker's liability was foreclosed by Michigan law as of 1971, even if the statute applied to dissolved corporations, it would not apply to Studebaker.

Subject to the above clarifications, we affirm our earlier holding.

KIRSCH, C.J., and BAKER, J., concur.

a declaratory judgment action by a third party was not a direct action.