# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DANFORD R. DUE**
**SCOTT E. ANDRES**
Due Doyle Fanning, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVID W. CRAIG**
**SCOTT A. FAULTLESS**
Craig Kelley & Faultless LLC
Indianapolis, Indiana

FILED

Nov 09 2012, 8:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMERISAFE RISK SERVICES, INC., and LEERAE RIGGS, | ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 88A01-1204-CT-144 |
| THE ESTATE OF HAZEL D. WADSACK, deceased, by RONALD J. WADSACK as Personal Representative, and RONALD J. WADSACK, individually, | ) ) ) ) ) ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Larry R. Blanton, Special Judge
Cause No. 88C01-1006-CT-518

**November 9, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Amerisafe Risk Services, Inc. and its case worker Leerae Riggs (collectively "Amerisafe") appeal the trial court's denial of their motion to dismiss for lack of subject matter jurisdiction. Amerisafe raises one issue for our review, which we restate as whether the trial court erred in denying Amerisafe's motion to dismiss. Concluding that the trial court did not have subject matter jurisdiction, and thus that it erred in denying the motion to dismiss, we reverse.

## Facts and Procedural History

Ronald Matthew Wadsack ("Matthew") is the son of Hazel Wadsack ("Hazel") and Ronald J. Wadsack ("Ronald"). On November 20, 2008, Matthew was electrocuted and severely burned while working for Mills Tree Service when a tree limb came into contact with a power line. He was nineteen years old at the time. Matthew was hospitalized and induced into a coma for an extended period of time. Not long after he was hospitalized, Hazel and Ronald (the "Wadsacks") were appointed as temporary guardians of Matthew.

At the time of Matthew's injury, Amerisafe was the worker's compensation insurer for Mills Tree Service, and Riggs was assigned to handle Matthew's claim. In their complaint, the Wadsacks allege that Riggs "intentionally or recklessly undertook a course of extreme and outrageous conduct that was designed to deny Matthew of the worker's compensation benefits he was entitled to . . . and deprive Matthew from receiving [necessary] medical care," as well as to interfere with the Wadsacks' obligations as guardians. Brief of Appellees at 2-3. The Wadsacks claim that Riggs's actions caused them to suffer extreme emotional

distress and that Hazel died as a result of that distress.  The Wadsacks filed this suit in June 2010.[1]  Amerisafe then filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(1), alleging that the trial court had no subject matter jurisdiction.  The trial court held a hearing on the motion, and then denied the motion without explanation or issuing findings of fact.  This appeal followed.  Additional facts will be supplied as necessary.

## Discussion and Decision

### I.  Standard of Review

The standard of appellate review of a trial court's grant or denial of a motion to dismiss pursuant to Trial Rule 12(B)(1) is a function of what occurred in the trial court.  Turner v. Richmond Power & Light Co., 763 N.E.2d 1005, 1007 (Ind. Ct. App. 2002), trans. denied.  The standard of appellate review is dependent upon: (1) whether the trial court resolved disputed facts; and (2) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record."  Id.  If the facts before the trial court are not in dispute, or if the trial court ruled on a paper record, then the question of subject matter jurisdiction is purely one of law and no deference is afforded to the trial court's conclusion.  Id. at 1007-08.  The standard of review is then de novo, which is the appropriate standard in this case.  Id. at 1007.

### II.  Subject Matter Jurisdiction

Subject matter jurisdiction is the power of a court to hear and determine a particular class of cases.  K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006).  "Failure to exhaust

---

[1] The suit was filed by Hazel's estate with Ronald as the personal representative, and by Ronald

3

administrative remedies is a defect in subject matter jurisdiction." State ex rel. Atty. Gen. v. Lake Superior Court, 820 N.E.2d 1240, 1247 (Ind. 2005), cert. denied, 546 U.S. 927 (2005). Therefore, where an administrative remedy is available, the plaintiff must pursue that remedy before he or she will be allowed access to the courts. Sun Life Assur. Co. of Can. v. Ind. Comprehensive Health Ins. Ass'n, 827 N.E.2d 1206, 1209 (Ind. Ct. App. 2005), trans. denied. The value of exhausting administrative remedies has been emphasized by our courts, and the reasons for requiring exhaustion are well established: (1) avoiding premature litigation; (2) compiling an adequate record for judicial review; and (3) allowing agencies to retain the opportunity and autonomy to correct their own errors. Id. Failure to exhaust administrative remedies makes a motion to dismiss for lack of subject matter jurisdiction appropriate. Id.

When interpreting a statute, our goal is to give effect to the intent of the legislature, and in doing so we are guided by the principle that the best evidence of the legislature's intent is the language of the statute itself. Robinson v. Gazvoda, 783 N.E.2d 1245, 1250 (Ind. Ct. App.2003), trans. denied.

The Wadsacks argue that the Worker's Compensation Board (the "Board") does not have jurisdiction because their claims are not on behalf of Matthew, or based directly on his injuries, but instead are based on the handling of Matthew's claims. We disagree. The exclusivity provision of the Worker's Compensation Act, which grants employees rights and remedies under the worker's compensation system and excludes all other remedies,

individually.

4

specifically extends to personal representatives and next of kin. Ind. Code § 22-3-2-6.[2]

Further, the exclusivity provision encompasses a bad faith provision of the statute that grants the Board exclusive jurisdiction to determine whether an insurance carrier has acted in bad faith or has committed an independent tort in settling claims. Ind. Code § 22-3-4-12.1(a).[3] Thus, the Board's jurisdiction to hear claims of bad faith extends not only to the injured employee, but to his personal representatives and next of kin.

In Borgman v. State Farm Ins. Co., we reviewed a case in which the husband of an injured worker tried to bring suit in court rather than before the Board, claiming that his wife's benefits were wrongfully denied and that the insurance company acted in bad faith in denying her claim. 713 N.E.2d 851, 853 (Ind. Ct. App. 1999), trans. denied. Borgman argued that the exclusivity provision of the Worker's Compensation Act did not bar his claims because the alleged acts "were committed subsequent to, and independent of, the original injury that [his wife] sustained while working." Id. at 854. There, as here, the family of the injured worker made claims based not on the underlying injury itself, but on the handling of the claim by the insurance company. Like Borgman, the Wadsacks rely at least

---

[2] The rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5-2-6.1.

Ind. Code § 22-3-2-6.

[3] The worker's compensation board, upon hearing a claim for benefits, has the exclusive jurisdiction to determine whether the employer, the employer's worker's compensation administrator, or the worker's compensation insurance carrier has acted with a lack of diligence, in bad faith, or has committed an independent tort in adjusting or settling the claim for compensation.

Ind. Code § 22-3-4-12.1(a).

5

in part on our supreme court's decision in <u>Stump v. Commercial Union</u>, 601 N.E.2d 327, 334 (Ind. 1992), which determined that an employee could proceed in court against an insurance provider for fraud or gross negligence, notwithstanding the exclusivity provision. <u>Borgman</u>, 713 N.E.2d at 854. However, we noted in <u>Borgman</u> that <u>Stump</u> was decided before our legislature enacted the bad faith provision of the Worker's Compensation Act. <u>Borgman</u>, 713 N.E.2d at 854 (citing Ind. Code § 22-3-4-12.1). We held that in light of the plain language of the bad faith provision, Borgman's claim fell within that provision and thus within the exclusive jurisdiction of the Board, and therefore the trial court did not have subject matter jurisdiction. While the Wadsacks may not have a claim for benefits pending themselves, the Board nonetheless has jurisdiction over their suit, which is a derivative of Matthew's claim for benefits.

The Wadsacks also argue that requiring them to have their claim heard by the Board would unconstitutionally deprive them of a remedy pursuant to the open courts provision of the Indiana Constitution. <u>See</u> Ind. Const. art 1, § 12. We analyzed the same argument in <u>Borgman</u>, and determined that the statute was constitutional. <u>Borgman</u>, 713 N.E.2d at 856; <u>see also</u> <u>Sims v. U.S. Fid. & Guar. Co.</u>, 782 N.E.2d 345, 351 (Ind. 2003) (agreeing with the <u>Borgman</u> court that the statute does not violate the open courts provision of our Constitution). We also note, as did the <u>Sims</u> court, that the Wadsacks are not completely denied access to the courts under this scheme. <u>Sims</u>, 782 N.E.2d at 351. The Wadsacks must present their claim first to the Board, but if they receive an adverse ruling there, they may appeal to our court. Ind. Code § 22-3-4-8 (stating that an award by the Board may be

6

appealed to the court of appeals under the same terms and conditions as apply to ordinary civil actions).

We also agree with Amerisafe that in general, direct suits against third party insurers are not allowed in Indiana. State Farm Mut. Auto. Ins. Co. v. Estep, 873 N.E.2d 1021, 1026-27 (Ind. 2007). We have noted before that "[t]he kinds of actions which have been barred by the direct action rule are actions against the insurer for the insurer's own negligence or bad faith in handling claims." City of S. Bend v. Century Indem. Co., 821 N.E.2d 5, 11 (Ind. Ct. App. 2005), clarified on reh'g, 824 N.E.2d 794, trans. denied. Limited exceptions have been allowed to the rule, but they have been cases where a party was seeking only declarations regarding the insurer's responsibilities should the underlying case be proven. Id. This case does not fall under that exception, as the Wadsacks are seeking more than a declaration.

Finally, the Wadsacks present two hypotheticals, which they argue are comparable to the case at bar and would not be barred by the exclusivity provision. In both hypotheticals, a non-employee father is visiting his injured child's place of employment and is himself injured by the employer's or an employee's negligence. We agree with the Wadsacks, as does Amerisafe, that in such situations the father would have a cause of action against the employer that would not require going before the Board, and would not be covered by the exclusivity provision. However, those scenarios are distinguishable from the case at bar. In those scenarios, the subsequent negligence is completely separate from the child's workplace injury—the father would have a cause of action against the employer for the negligence that harmed him regardless of whether his child had been injured previously. Here however, the

7

Wadsacks' claims are intimately tied to what happened to their son and Amerisafe's handling of Matthew's worker's compensation claim.

## Conclusion

Concluding that the trial court did not have subject matter jurisdiction over this case and that the Wadsacks must take their complaint to the Board, we reverse.

Reversed.

BAKER, J., and BRADFORD, J., concur.