# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MICHAEL J. ADLER**
Adler Law LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**LEE F. BAKER**
**ABBEY JEZIORSKI**
State Farm Litigation Counsel
Indianapolis, Indiana

**FILED**

Jan 21 2014, 11:04 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL WEIST, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | )   No. 49A02-1306-PL-541 |
| | ) |
| KRISTEN DAWN and STATE FARM | ) |
| INSURANCE COMPANIES, | ) |
| | ) |
| Appellees-Defendants. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Burnett Caudill, Magistrate
The Honorable Theodore M. Sosin, Judge
Cause No. 49D02-1211-PL-45027

**January 21, 2014**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Michael Weist appeals the trial court's grant of summary judgment to Kristen Dawn and State Farm Insurance Companies. We affirm in part, reverse in part, and remand.[1]

## ISSUE

Weist raises one issue, which we restate as: whether the court erred in granting summary judgment to Dawn and State Farm.

## FACTS AND PROCEDURAL HISTORY

On September 2, 2010, Dawn struck Weist with her car as he crossed the street, causing him to sustain injuries. Dawn's car was insured by State Farm.

State Farm claim representative Barb Easley called Weist on September 10, 2010. During the call, "Easley admitted Dawn's liability due to her negligence and informed [Weist] that [he] was entitled to damages in the form of lost wages, pain and suffering, and payment for . . . medical bills." Appellant's App. p. 38. Easley also told Weist that his claim "would be settled upon [his] completion of treatment for [his] injuries and submission of [his] medical bills and lost wage documentation to State Farm." *Id.* at 39. Easley also said Weist "had two years from the date of the incident to submit [his] claim to State Farm."[2] *Id.*

---

[1] We held oral argument on November 25, 2013, in the Court of Appeals courtroom in Indianapolis. We thank the parties for their informative presentations.

[2] Dawn and State Farm present an entirely different version of this conversation in their summary judgment materials. We view the facts in the light most favorable to Weist, the nonmovant.

On September 30, 2010, Weist received a form from Easley which would authorize State Farm to contact his medical service providers and obtain copies of his medical records. Weist signed and returned the form on January 3, 2011.

In the meantime, Weist underwent physical therapy for his knee, but it did not cure the injury. He had knee surgery in March 2011. On April 22, 2011, Easley called Weist and left a message. When Weist called her on May 3, 2011, he told her that his medical treatment was complete. In February 2012, Easley mailed requests for medical records to Weist's doctors.

Next, in June 2012, Weist prepared and sent a demand letter to Easley.[3] He asserted that he had suffered $126,796.60 in damages as a result of the accident. Weist used language that he had found in a form letter on an attorney's website. His letter stated, "As you are aware, time is of the essence in this matter and if an amicable settlement cannot be reached well before the statute of limitations expires on September 1, 2012, I will pursue formal action with the court." *Id.* at 51. Weist "did not know or comprehend what this Statute of Limitations language meant and [his] efforts in the Demand Letter were concentrated on the facts of [his] accident, [his] injuries, and [his] requested relief." *Id.* at 40.

On July 5, 2012, Easley called Weist. She asked him for information to support his claim for lost income. Easley further said she would try to complete her evaluation of

---

[3] Weist mailed the letter to Easley at the address she had provided in her letters to him. The letter did not reach Easley, but instead went to a different department of State Farm. Rather than forward Weist's letter to Easley, State Farm returned Weist's letter to him ten days later with instructions to send it to a different address. Weist mailed the letter to the new address, and Easley received it.

the case "by the Statute of Limitations." *Id.* at 78. Weist, who worked as a communications consultant, faxed her information about his consulting rate for 2012. On the same day, Easley sent a request for medical records to another of Weist's doctors.

On July 6, 2012, Easley called Weist to ask for information about his consulting rate in 2010. Weist faxed the information to her.

Next, on August 6, 2012, Weist called Easley to ask about the status of the case and left a voicemail. She called back two days later to say she was still waiting for medical records.

On August 31, 2012, State Farm transferred Weist's claim from Easley to Ashanda Dunigan. *Id.* at 79. On November 6, 2012, Weist attempted to call Easley. *Id.* at 41. His call was redirected to Dunigan, who told him that she could not assist him because the statute of limitations had run. *Id.* at 42.

Weist hired counsel on November 19, 2012, and filed suit against Dawn and State Farm the next day. Dawn and State Farm filed motions to dismiss under Trial Rule 12(B)(6), asserting that Weist's complaint failed to state a claim upon which relief could be granted. Weist's response to the motions to dismiss included an affidavit and supporting documents, and he asked the trial court to consider the motion as a request for summary judgment. Next, Dawn and State Farm filed a reply, which included a designation of evidence.

After oral argument, the court granted summary judgment to Dawn and State Farm. The court concluded: "There exists no genuine issue of material fact as to

4

whether [Dawn and State Farm] are equitably estopped from asserting the Statute of Limitations as affirmative defenses." *Id*. at 4. This appeal followed.

DISCUSSION AND DECISION

This Court applies the same standard as the trial court when reviewing a grant or denial of summary judgment. *Herron v. Anigbo*, 897 N.E.2d 444, 448 (Ind. 2008). Therefore, summary judgment is to be affirmed only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Id.* All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Id.* An appellate court may affirm summary judgment if it is proper on any basis shown in the record. *Pfenning v. Lineman*, 947 N.E.2d 392, 408-09 (Ind. 2011).

The party moving for summary judgment bears the burden of making a prima facie showing that there is no genuine issue of material fact and that he or she is entitled to a judgment as a matter of law. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009). Once the moving party meets these two requirements, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact by setting forth specifically designated facts. *Id.*

Weist argues that the trial court erred in concluding that the doctrine of equitable estoppel does not apply. Before we address that argument, however, State Farm raises a different ground for affirming the trial court's grant of summary judgment in its favor. Specifically, State Farm asserts that Weist's claims against it are barred by the direct action rule.

5

## A. DIRECT ACTION RULE

The direct action rule bars a third party from pursuing a claim based on the actions of an insured directly against an insurer. *Wicker v. McIntosh*, 938 N.E.2d 25, 27 (Ind. Ct. App. 2010). Indiana, "like virtually every other American jurisdiction," follows this rule. *State Farm Mut. Auto. Ins. Co. v. Estep*, 873 N.E.2d 1021, 1026 (Ind. 2007).

The basis for the direct action rule is that the tort plaintiff is not a party to the insurance contract and therefore lacks sufficient standing to pursue claims against the insurer for negligence or bad faith in handling claims. *See Menefee v. Schurr*, 751 N.E.2d 757, 760-61 (Ind. Ct. App. 2001), *trans. denied*. The rule also promotes a policy of avoiding adverse consequences that may flow from third parties suing insurers directly for damages, including multiple litigation and escalating insurance costs. *Estep*, 873 N.E.2d at 1026-27.

Indiana's courts have announced a limited exception. The direct action rule does not bar a claim by a third party who is "seeking only a declaration of the insurer's responsibilities should the allegations regarding the insured's conduct be proven." *City of S. Bend v. Century Indem. Co.*, 821 N.E.2d 5, 11 (Ind. Ct. App. 2005), *clarified on reh'g*, 824 N.E.2d 794 (Ind. Ct. App. 2005), *trans. denied*. This exception exists because the purpose of declaratory relief is to adjudicate legal duties such as insurance coverage, and the injured victim of an insured's tort has a sufficient "legally protectable interest" in

the policy to seek such relief. *Cmty. Action of Greater Indianapolis, Inc. v. Ind. Farmers Mut. Ins. Co.*, 708 N.E.2d 882, 885 (Ind. Ct. App. 1999), *trans. denied*.

In Weist's case, we turn to his civil complaint to determine the nature of his claim against State Farm. It is captioned, "Complaint for Damages." Appellant's App. p. 6. Weist asserted in the complaint, "State Farm's actions, inactions, express representations, insinuations, and delays with regard to Weist's claims directly and proximately caused Weist to miss his two-year statute of limitations." *Id.* at 8. Weist further described State Farm's conduct as "egregious" and as constituting "waiver of the statute of limitations." *Id.* at 9. In his plea for relief, he asked the court "to enter a judgment against [Dawn and State Farm] in an amount to be proven at trial which will adequately compensate [Weist] for his injuries and damages, for costs of this action, for pre-judgment interest, and for all other just and necessary relief proper in the premises." *Id.*

Per our standard of review, we are obligated to construe the complaint in a light most favorable to Weist. Nevertheless, Weist's complaint does not set forth a claim for declaratory relief. It never mentions declaratory relief, and Weist requests only monetary damages in the complaint's final paragraph. In the absence of a claim for declaratory relief, the direct action rule bars Weist's claim against State Farm. *Cf. Myers v. Deets*, 968 N.E.2d 299, 303 (Ind. Ct. App. 2012) (determining that a complaint "sufficiently stated facts that would support a declaratory judgment action" against the insurer and remanding for further proceedings). The trial court did not err in granting summary judgment to State Farm.

## B. EQUITABLE ESTOPPEL

7

Weist argues that Dawn is equitably estopped from asserting the statute of limitations as a bar to his claim. There is no dispute that Weist filed his complaint beyond the two-year statute of limitations for personal injury claims. *See* Ind. Code § 34-11-2-4(a) (1998).

Weist and Dawn address Weist's equitable estoppel claim using the test set forth in *Davis v. Shelter Insurance Companies*, 957 N.E.2d 995 (Ind. Ct. App. 2012), *trans. denied*. In that case, Davis was injured in an auto accident, and she had periodic discussions with the other driver's insurer as she underwent medical treatment for her injuries. When she presented a claim for medical expenses, the insurer told her that the statute of limitations had run. Davis filed suit against the other driver and the driver's insurer, and the insurer filed a motion to dismiss that was later converted into a motion for summary judgment. The trial court granted summary judgment to the insurer.

On appeal, a panel of this Court noted that statutes of limitations are affirmative defenses that must be pled and proven and can be waived. *Id.* at 997. Whether a statute of limitations defense is applicable is generally a question of law, but when estoppel is at issue, applicability can be a question of fact. *Id.* After surveying prior Indiana cases and decisions from other jurisdictions, the *Davis* Court settled upon a two-part test to determine the availability of equitable estoppel:

> The first part of the test, drawing on the national case law, is to determine whether the insurer has engaged in any of the following: (1) a promise to settle; (2) discouraging the claimant from filing suit; (3) discouraging the claimant from obtaining counsel; or (4) otherwise egregious conduct. If one of those behaviors is present, then the court will engage in the second part of the test by looking at the totality of the circumstances surrounding the insurer's actions. Equitable estoppel will be available to the claimant

8

when the circumstances surrounding the insurer's conduct have induced the claimant to delay timely action, and the claimant's reliance on the insurer's statements or actions was reasonable.

*Id.* at 1001 (citations omitted).

In the current case, viewing the facts in the light most favorable to Weist, State Farm's representative Easley told Weist during their first phone call that Dawn was liable for his injuries and that he "was entitled to damages in the form of lost wages, pain and suffering, and payment for . . . medical bills." Appellant's App. p. 38. Easley also told Weist that his claim "would be settled upon . . . completion of treatment for [his] injuries and submission of [his] medical bills and lost wage documentation to State Farm." *Id.* at 39. In addition, over the course of multiple phone calls over the following two years, Easley requested copies of Weist's medical bills and information about his alleged lost income, in conformity with her assurance that State Farm would settle the claim upon receipt of that information. Weist's allegations, if proven, would fall within the parameters of *Davis*'s requirement of a promise to settle under the first part of the test, thereby establishing a dispute of material fact.[4]

We turn to the second part of the test to determine whether, under the totality of the circumstances, State Farm's conduct on behalf of its insured induced Weist to delay action, and whether a reasonable layperson would have relied on State Farm's course of conduct. The reasonableness of a party's reliance under the circumstances is typically a

---

[4] Weist also argues that State Farm's conduct was egregious. It is unnecessary for us to address this argument or to consider whether State Farm sought to discourage Weist from obtaining counsel or filing suit.

question for the trier of fact. *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1164 (Ind. 2002).

Easley told Weist at the outset that State Farm intended to settle his claim upon receipt of medical bills and other information about his damages. Over the course of two years, Weist complied with Easley's requests for information and periodically asked about the status of his claim. A reasonable person could have concluded that, after he provided the information Easley requested, everything was settled except for the calculation of damages and Weist had done all that could reasonably have been expected of him.

In one letter to Easley, Weist referenced the statute of limitations. Dawn argues that Weist's reference is proof that he was aware of his duty to take action if necessary to protect his claim for damages. Thus, Dawn reasons, State Farm did not induce him to delay action. Weist explained in his summary judgment materials that he "did not know or comprehend what this Statute of Limitations language meant and [his] efforts in the Demand Letter were concentrated on the facts of [his] accident, [his] injuries, and [his] requested relief." *Id.* at 40. Furthermore, Easley represented to Weist that she would try to complete her analysis of his claim before the statute of limitations expired, but she never told Weist that the expiration of the statute of limitations would terminate State Farm's willingness to settle his claim. These developments are sufficient to establish questions of fact as to the significance of the references to the statute of limitations.

Finally, when State Farm transferred Weist's claim from Easley to Dunigan, no one informed Weist of the transfer or otherwise contacted him to discuss his claim as the

10

statute of limitations deadline approached. While State Farm had no affirmative duty to act, a reasonable person considering Easley's prior communications with Weist could infer from State Farm's silence that Easley was moving forward with her assessment and that State Farm would settle the case without further action on Weist's part.

Accepting Weist's version of events, as we must under our standard of review, he has established disputes of material fact as to both elements of the equitable estoppel test set forth in *Davis*. It is thus necessary to reverse and remand the case for a trier of fact to resolve whether Dawn is equitably estopped from asserting the defense.[5]

<u>CONCLUSION</u>

For the reasons stated above, we affirm the judgment of the trial court in part, reverse the judgment of the trial court in part, and remand for further proceedings not inconsistent with this decision.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and MAY, J., concur.

---

[5] If the trier decides that Dawn is estopped to raise the statute of limitations defense by reason of State Farm's conduct, State Farm would be, in effect, estopped to raise the defense on behalf of its insured, Dawn.